[No. 14507. In Bank. — January 20, 1892.]

# I. G. WICKERSHAM, Appellant, v. JAMES L. CRITTENDEN et al., Respondents.

Corporations — Banks — Abuse of Trust by President — Action by Stockholder — Pleading. — A complaint by a stockholder against an incorporated bank and its directors, alleging, in substance, that the president of the bank, who was one of its trustees, and who was the owner and in control of the majority of the shares of its stock, had combined and conspired with the other directors, who were under his control, for violation of his trust by diverting a large amount of its funds from the purposes of the trust to his own use and benefit, and had, without authority, appropriated to himself a large sum per month as salary for his services as trustee, states a cause of action.

Id. — Protection of Cestui que Trust — Remedy against Trustee. — It is one of the peculiar functions of a court of equity to protect a *cestui que trust* against any violation by his trustee of his obligation, and to prevent any impairment of the trust fund, and in case of diversion or misappropriation thereof by the trustee, to direct a restitution, and enforce it by appropriate process.

XCIII. Cal.—2

93   17
137  33
93   17
145  365
145  366
93   17
147  735

ID. — FIDUCIARY RELATION OF DIRECTORS — CONFLICT OF INTEREST WITH DUTY. — The directors of a corporation hold a fiduciary relation to the stockholders, and are intrusted with the management of the corporate property for the common benefit and advantage of each stockholder, and are precluded by their acceptance of the trust from doing any act or engaging in any transaction in which their private interest will conflict with their duty to the stockholders, and from making any use of their power or of the corporate property for their own advantage.

ID. — DEALINGS WITH TRUST PROPERTY. — The rule is unyielding that a trustee shall not, under any circumstances, be allowed to have any dealings in the trust property with himself, or acquire any interest therein.

ID. — SETTING ASIDE ACTION OF TRUSTEE — OPTION OF CESTUI QUE TRUST. — Courts will not permit any investigation into the fairness or unfairness of the transaction, or allow the trustee to show that the dealing with himself was for the best interest of the beneficiary, but will set the transaction aside, at the mere option of the beneficiary.

ID. — AUTHORITY OF PRESIDENT OF BANK. — The president of a bank has no more power of management or disposal over the property of the corporation than any other single member of the board of directors, and it is not among his functions to withdraw or remove its funds, or to use them for any purpose whatever.

ID. — AUTHORITY OF CASHIER. — The cashier is the executive officer of a bank, and the one who transacts its financial operations; but his office is purely executive, and his power is limited to transacting such business as the board of directors have authorized.

ID. — UNAUTHORIZED LOAN OF MONEYS — VIOLATION OF TRUST. — A loan of moneys to a third person, by the combined action of the president and cashier of a bank, without authority from the board of directors, and with intent to appropriate it to the benefit of the president, as a loan for an unusual term, and without security, contrary to the rules and customs of the bank, is a violation of trust.

ID. — MEETING OF DIRECTORS — ILLEGAL ACTION. — When the only persons authorized to act at a called meeting of the directors of a bank are the president and cashier, a resolution passed by their votes, authorizing the cashier to loan the moneys of the bank to a third person for the president's benefit, can confer no authority.

ID. — COMPENSATION OF DIRECTORS — SALARY OF PRESIDENT — INCOMPETENT ACTION. — A director of a corporation is not entitled to compensation for his service as director, in the absence of any agreement in advance that he shall receive such compensation, nor can the directors vote salaries to themselves after their election as directors, or vote a salary to one of their number as president when he takes part in the proceeding, or his vote is essential to the adoption of the resolution.

ID. — PLEADING — MISJOINDER OF CAUSES OF ACTION — VARIED RELIEF. — Where the complaint sets forth only one cause of action for fraudulent misappropriation by a trustee of the funds of a corporation, and the relief sought has reference only to this cause of action, it is no objection to the complaint that the relief sought is not single.

ID. — RESTITUTION — INJUNCTION — REMOVAL OF TRUSTEE. — If the trustee has been unfaithful, the court may compel restitution, and restrain him by injunction, and remove him from his trust if necessary, and also en-

join his confederates from further participation in acts infringing the plaintiff's right.

ID. — EXTENT OF EQUITABLE RELIEF. — A court of equity will always find the means of enforcing its decree against a delinquent defendant, and its power in this respect is as extensive as the exigencies of the case.

ID. — JOINDER OF PARTIES. — When each of the defendants is alleged to have been in some way connected with the transactions complained of, and complete justice cannot be done in the absence of either of them, there is no improper joinder of parties.

ID. — NON-JOINDER OF DIRECTORS — JOINDER OF CORPORATION. — In an action by a stockholder seeking relief against directors who are improperly diverting the funds of the corporation, it is not necessary to join as parties directors whose acts are not complained of, though it is necessary that the corporation should be joined, as the action, though in the name of the plaintiff, is in reality in behalf of the corporation.

ID. — IMMATERIAL ALLEGATIONS — REFERENCE TO OTHER ACTIONS. — Allegations in reference to other actions, brought to test the rights of defendants to hold the office of director, are immaterial, and do not state a separate cause of action, or vitiate the cause of action alleged for a misappropriation of corporate funds.

ID. — DEMAND AND REFUSAL. — When the facts alleged in the complaint by a stockholder are such as to show a violation of trust by the directors of a corporation, and that a demand upon the directors to institute the action would have been fruitless, no previous demand upon the corporation or the defendants, that they institute an action to secure the relief which the plaintiff seeks, need be alleged.

ID. — JOINDER OF STOCKHOLDERS — ONE SUING FOR OTHERS — PLEADING. — A stockholder whose rights have been interfered with by a violation of trust on the part of the directors of a corporation may sue the corporation and the unfaithful directors in his own name, without joining the other stockholders, as well as on behalf of the other stockholders; and if his allegations are not sufficient to entitle him to sue in behalf of others, the sufficiency of the complaint as an action on his own behalf is not affected by an averment that he brings the action for them as well as himself.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion of the court.

*Lippitt & Lippitt, Henley & Swift, Wilcoxon & Bouldin, Crittenden Thornton,* and *F. H. Merzbach,* for Appellant.

The demurrer for want of parties plaintiff or defendant is not well taken. (*Carey* v. *Brown,* 58 Cal. 180; *Ex parte Holmes,* 5 Cow. 428; *Matter of Syracuse R. R. Co.,* 91 N. Y. 1.) The demurrer for faults of form is untenable. The demurrer itself is bad and insufficient. (*Wil-*

*hoit* v. *Cunningham*, 87 Cal. 458; *Kraner* v. *Halsey*, 82 Cal. 209.) The loan to Brittan for the benefit of Crittenden is fraudulent and voidable, and may be avoided *instanter*. It may and ought to be declared presently due, and judgment rendered for the bank, and against Brittan and Crittenden. The loan from the bank to Brittan for the benefit of Crittenden, being a breach of trust, is voidable, and is immediately due in equity. (*Masson* v. *Bovet*, 1 Denio, 69; 43 Am. Dec. 651; *Osborne* v. *Bell*, 5 Denio, 370; 49 Am. Dec. 275; *Kingman* v. *Hotaling*, 25 Wend. 423; *De Symans* v. *Minchwick*, 1 Esp. 430; *Hogan* v. *Shee*, 2 Esp. 522; *Camp* v. *Pulver*, 5 Barb. 92; *Willson* v. *Foree*, 6 Johns. 110; *Rickard* v. *Stanton*, 16 Wend. 26; *Whipple* v. *Dow*, 2 Mass. 418; *Patrick* v. *Montader*, 13 Cal. 443.) The proceedings under and by which Murphy, Brittan, and Graves claim to be directors are void upon their face, and their usurpation of and intrusion into the board may be enjoined as a part of the conspiracy pending a trial of the title at law. (*Mechanics' Nat. Bank* v. *Burnet Mfg. Co.*, 32 N. J. Eq. 239; *Johnston* v. *Jones*, 23 N. J. Eq. 216; *Van Dyke* v. *Stout*, 8 N. J. Eq. 345; *Doremus* v. *Dutch Reformed Church*, 3 N. J. Eq. 332; *Den* v. *Bolton*, 12 N. J. L. 206.) No demand upon the board of directors to permit or direct the commencement of this action against themselves was necessary or proper. It would have been futile if made. (*Chamberlain* v. *Cleveland*, 1 Black, 419; *Lord* v. *Veazie*, 8 How. 251; *Wood Paper Co.* v. *Heft*, 8 Wall. 333; *Henkin* v. *Guerss*, 12 East, 247; *Smith* v. *Junction R. R. Co.*, 29 Ind. 546; *Freeholders* v. *Union*, 44 N. J. L. 438; *Little* v. *Bowers*, 134 U. S. 577.) The presumption of law is, that the persons who perpetrated and profited by the transactions sought to be redressed will refuse to permit or direct an action to be brought. (*Parrott* v. *Byers*, 40 Cal. 623; *Moyle* v. *Landers*, 83 Cal. 582; *Robinson* v. *Smith*, 3 Paige, 222; 24 Am. Dec. 212; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 61; *Brewer* v. *Boston Theatre Co.*, 104 Mass. 378; *Dunphy* v. *Traveller Newspaper Ass'n*, 146 Mass. 498.) The complaint is not multifarious, neither is there any

misjoinder of parties or causes of action. (*Andrews* v. *Pratt*, 44 Cal. 319.)

*Graves & Graves*, and *James L. Crittenden*, for Respondents.

Several causes of action have been improperly united in the complaint, and are not separately stated, and the court properly sustained the demurrer on this ground. (Code Civ. Proc., sec. 430, subd. 5, sec. 427.) Causes of action against a defendant as an officer and as an individual cannot be joined. (*Hancock* v. *Johnson*, 1 Met. (Ky.) 242; *Ferrin* v. *Myrick*, 41 N. Y. 315.) The demurrer must be sustained, if causes of action are not separately stated. (*Nevada County etc. Canal Co.* v. *Kidd*, 43 Cal. 180. See also *Nevada County etc. Canal Co.* v. *Kidd*, 37 Cal. 282; *White* v. *Cox*, 46 Cal. 169.) The demurrer was properly sustained, also, on the ground that there are other actions pending between the plaintiff and some of the defendants for the same cause. (Code Civ. Proc., sec. 430, subd. 3.) The complaint alleges a cause of action on the part of the plaintiff against other defendants for usurpation of office, and that those actions are now pending to test the right of said persons to the office, and that those actions will be speedily determined. These averments cannot be for the purpose of obtaining an injunction, for a court of equity will not restrain the directors or officers of a corporation from the exercise of their functions, because such restraint would be equivalent to removal from office, and over such a subject equity has no jurisdiction. (High on Injunctions, 2d ed., secs. 1193, 1210, 1235; Cook on Stocks and Stockholders, 2d ed., sec. 746; *Neall* v. *Hill*, 16 Cal. 145; 76 Am. Dec. 575, and note; Angell and Ames on Corporations, sec. 312; *Mickels* v. *Rochester City Bank*, 11 Paige, 118; 42 Am. Dec. 103; *Sherman* v. *Clark*, 4 Nev. 138; 97 Am. Dec. 516.) There is a defect of parties plaintiff in that J. W. Smith is not made a party plaintiff, and the demurrer was properly sustained on that ground. (*Kelly* v. *Edwards*, 69 Cal. 463; Civ. Code, sec. 315.) The demurrer was also prop-

erly sustained, on the ground that there is a defect of
parties plaintiff, in that the other stockholders of the bank
on whose behalf plaintiff sues are not made parties plain-
tiff. (Story's Eq. Jur., secs. 94, 95, 130, 131; *Beaumont*
v. *Meredith*, 3 Ves. & B. 180.) The rule is well settled
that all persons materially interested, either legally or
beneficially, in the subject-matter of a suit are to be
made parties to it, either as plaintiffs or defendants, how-
ever numerous they may be, so that there may be a com-
plete decree which shall bind them all. (Story's Eq. Pl.,
sec. 72; Cooper's Eq. Pl. 33, 34, 125; *Park* v. *Clinton*, 12
Ves. 53, 54; *Hickock* v. *Scribner*, 3 Johns. Cas. 311, 315,
317, 319; *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 349;
*Caldwell* v. *Taggart*, 4 Pet. 190; 1 Daniell's Chancery
Pleading and Practice, 40; *People* v. *Morrill*, 26 Cal. 360,
361; *King* v. *Berry's Executors*, 3 N. J. Eq. 52; *Mechanics'*
*Bank* v. *Seton*, 1 Pet. 299; *Marshall* v. *Beverley*, 5 Wheat.
313; *Connecticut* v. *Pennsylvania*, 5 Wheat. 424; *Williams*
v. *Russell*, 19 Pick. 165; *Carey* v. *Brown*, 58 Cal. 180.)
The complaint does not state a cause of action. It
seeks a temporary and perpetual injunction restraining
the defendants from exercising the functions of officers,
which, it is well settled, cannot be granted by a court of
equity. (Civ. Code, sec. 3423, subd. 6; High on In-
junctions, 2d ed., sec. 1210; Cook on Stocks and Stock-
holders, 2d ed., sec. 746; *Neall* v. *Hill*, 16 Cal. 145; 76
Am. Dec. 575.) Such questions are properly cognizable
only in courts of law, the proper remedy being by pro-
ceedings at law in the nature of *quo warranto.* Nor is
the fact that relief is claimed upon the ground of fraud
sufficient to warrant a departure from the rule, or to jus-
tify a court of equity, in such case, in granting relief by
injunction. (High on Injunctions, 2d ed., 1235; *Mickels*
v. *Rochester City Bank*, 11 Paige, 118; 42 Am. Dec. 103;
Angell and Ames on Corporations, sec. 312; *Sherman* v.
*Clark*, 4 Nev. 138; 97 Am. Dec. 516.) Where there is
a sufficient remedy at law, the party is not entitled to an
injunction. (*De Witt* v. *Hayes*, 2 Cal. 469; 56 Am. Dec.
352; *Robinson* v. *Garr*, 6 Cal. 275; *Trinity County* v. *Mc-*

*Cammon,* 25 Cal. 120; *Hager* v. *Shindler,* 29 Cal. 55; *Bucknall* v. *Story,* 36 Cal. 71; *Spring Valley W. W.* v. *Bartlett,* 11 Pac. Coast L. J. 119; High on Injunctions, 2d ed., sec. 28; *Richards* v. *Kirkpatrick,* 53 Cal. 433.) An injunction will not be retained where the acts sought to be restrained had been performed before the order was made or served. (*Delger* v. *Johnson,* 44 Cal. 185.) The mere allegation of injury is not sufficient, and it must be shown to be such as cannot be adequately compensated in damages, or it must be irremediable. (*Middleton* v. *Frank,* 3 Cal. 241; 58 Am. Dec. 407; *Waldron* v. *Marsh,* 5 Cal. 120; 63 Am. Dec. 110; *Gregory* v. *Hay,* 3 Cal. 334.) The mere allegation of irreparable injury is not sufficient, but the facts must be shown. (*Burnett* v. *Whitesides,* 13 Cal. 156; *Branch Turnpike Co.* v. *Yuba County,* 13 Cal. 190; *Hoke* v. *Perdue,* 62 Cal. 545.) The loan made by the cashier to Crittenden was lawful, fair, honest, at a reasonable rate of interest for a call loan, advantageous to the bank, at twice the rate of interest for a call loan made by the plaintiff, when president, out of moneys of the Bank of San Luis Obispo to a corporation in which he was largely interested and of which he was a director. (*Harts* v. *Brown,* 77 Ill. 230; *Merrick* v. *Peru Coal Co.,* 61 Ill. 478; *Sutter Street R. R. Co.* v. *Baum,* 66 Cal. 51; *Santa Cruz R. R. Co.* v. *Spreckles,* 65 Cal. 193; *Seeley* v. *San José etc. Co.,* 59 Cal. 23; *Twin Lick Oil Co.* v. *Marbury,* 91 U. S. 589; Taylor on Private Corporations, sec. 634; *Hotel Co.* v. *Wade,* 97 U. S. 13; *Buel* v. *Buckingham,* 16 Iowa, 284; 85 Am. Dec. 516; *Hayward* v. *Pilgrim Society,* 21 Pick. 270; *Ashurst's Appeal,* 60 Pa. St. 314; *Conyngham's Appeal,* 57 Pa. St. 481.) The plaintiff has no legal capacity to sue. He should have first requested the board of directors to bring the action, or such actions as he wished commenced. A stockholder must allege in his complaint a demand on the corporation to sue, and its refusal, before he can maintain a suit based upon the right of the corporation. (*Foote* v. *Cunard etc. Coal Co.,* 17 Fed. Rep. 46; *Hawes* v. *Oakland,* 104 U. S. 450; *Memphis City* v. *Dean,* 8 Wall. 73; *Greaves* v. *Gouge,*

69 N. Y. 154–157; *Cogswell* v. *Bull*, 39 Cal. 320–325; *Smith* v. *Hurd*, 53 Mass. 371, 383–387; 46 Am. Dec. 690; *Dunphy* v. *Traveller Newspaper Ass'n*, 146 Mass. 498.)

HARRISON, J. — The plaintiff, as a stockholder in the Bank of San Luis Obispo, brought this action against certain individuals assuming to be directors of the corporation, making the corporation also a defendant, for the purpose of protecting his interests in the corporation against certain acts of the defendants alleged by him to be unauthorized and done with the purpose and effect of injuring his stock therein. To this complaint the defendants demurred upon several grounds, and their demurrer having been sustained, judgment was entered dismissing the complaint, from which the plaintiff has appealed.

It is alleged in the complaint that the Bank of San Luis Obispo is a corporation incorporated under the laws of this state, having one thousand shares of capital stock, and that the defendant Crittenden is the owner and in the control of a majority of the shares of said stock; that on the sixteenth day of October, 1890, at the annual election for directors of the corporation, the defendants Crittenden, Murphy, and Stewart, together with J. W. Smith and C. A. Pitkin, were, by the unanimous vote of the stockholders, elected as such directors for the year next ensuing, and that thereafter they organized as a board by electing Crittenden as president and Stewart as secretary and cashier of the corporation, and at the same time fixed the salary of the president at two hundred dollars per month, and required him to give a bond, with satisfactory sureties, in the sum of fifteen thousand dollars. The complaint further alleges, that on the twelfth day of December, 1890, at a regular meeting of the directors, at which only Crittenden, Stewart, and Smith were present, Crittenden called Smith to the chair, and then offered certain resolutions releasing the president from the necessity of giving a bond, increasing his salary to $400 per month, and author-

izing the president and cashier of the bank to make a loan to himself (Crittenden) of the moneys of the bank to the amount of $40,000, upon call, at the rate of four per cent per annum; that only Crittenden and Stewart voted in favor of these resolutions; that thereupon Crittenden, on the same day, received from Stewart $37,120 of the money of the bank, for which he gave his note without security, payable on demand, with interest at the rate of four per cent per annum, payable quarterly; and that he thereafter received $400 per month as his salary as president. It is also alleged that the regular rate of interest upon loans made by the bank, and the usual and customary value of money, was at that time from ten to twelve per cent per annum, and that the money received by Crittenden was used to pay a debt, then due from him, which was secured, and bore interest at the rate of seven per cent per annum, and that the salary of four hundred dollars per month is greatly excessive, and beyond the value of any services rendered by said Crittenden. The complaint then alleges that at the next regular meeting of the directors, viz., January 14, 1891, at which all except Crittenden were present, the board rescinded the resolution increasing the salary of the president to four hundred dollars; fixed the amount of the bond to be given by him at twenty thousand dollars; disapproved of the aforesaid loan to Crittenden, and directed the cashier to notify him to return the money to the bank, or give a new note with security, and bearing interest at ten per cent per annum. At this meeting the defendant Murphy handed in his resignation as a director, which was accepted by the board, and the plaintiff was elected a director in his place, and thereupon the board, having directed notice of his election to be given to the plaintiff, adjourned until Monday, the nineteenth day of January. The plaintiff arrived at San Luis Obispo on Monday night, the 19th of January, but prior to his arrival the directors Crittenden and Stewart met as a board and adjourned the meeting until the next regular meeting, in February,

1891. Thereupon the plaintiff, finding that no business could be done, left San Luis Obispo for San Francisco, about noon of Tuesday, the 20th of January. Immediately after he left, the defendants Crittenden and Stewart induced the defendant Murphy to meet with them as a director of said corporation, and thereupon these three defendants assumed to act as a board of directors of said corporation, and the following proceedings took place: Murphy moved that his resignation, which had been offered and accepted on the 14th of January, be withdrawn, and the three then present assented thereto, and declared the same withdrawn. Thereupon, upon motion of Murphy, the resolutions and proceedings passed by the board of directors on January 14, 1891, were annulled and rescinded by the vote of the three then present, and ordered stricken from the minutes. The resignation, in writing, of director Pitkin was then presented, and, upon the motion of Murphy, was accepted, and the defendant Brittan was thereupon elected director in his place by the votes of Murphy, Stewart, and Crittenden. The office of director held by Joseph W. Smith was then declared vacant by the vote of the defendants Brittan, Murphy, Stewart, and Crittenden, and by the same vote the defendant Graves was declared elected as a director in his place. Thereupon Murphy assumed to act as president of said meeting, and upon the motion of Crittenden the following resolutions were adopted and declared carried by the votes of Crittenden, Stewart, Brittan, and Graves: —

"Resolved, that each and all the resolutions and proceedings purported to have been adopted at the pretended meeting of the board on January 14, 1891, be and are hereby vacated, set aside, and annulled and rescinded, and declared null and void, and that the same be stricken from the minutes of this board.

"Resolved, that the pretended acceptance of the resignation of P. W. Murphy, entered on the minutes of January 14, 1891, be and is hereby vacated, set aside, rescinded, and annulled, and declared null and void.

"Resolved, that the pretended election of I. G. Wickersham as a director of this corporation, entered on the minutes of January 14, 1891, be and is hereby vacated and set aside, rescinded and annulled, and declared to be null and void."

"Resolved, that there have been only three directors of this corporation since the election of directors on October 14, 1890, viz., James L. Crittenden, C. A. Pitkin, and P. W. Murphy, and that said Crittenden, Pitkin, and Murphy were, on the fourteenth day of this month, the only persons authorized or entitled to act as directors of the corporation, and that as the by-laws of this corporation, section 4, provides and declares that three directors constitute a quorum of the board of directors, there was not a quorum of said board present at or during the meeting of said board purported to have been held on the fourteenth day of January, 1891, and that no act or proceeding or resolution had, done, or adopted at said meeting was valid or binding upon this corporation, or upon its board of directors, or upon its officers."

Crittenden, Murphy, Brittan, and Graves then proceeded to elect a director in place of Stewart, who by the last of these resolutions was declared never to have been a director, and elected Stewart to fill said vacancy, and also re-elected him as secretary, cashier, and treasurer of the corporation, and at this meeting the salary of the president was again fixed at four hundred dollars per month, from December 15, 1890.

It is also alleged that on the 17th of January, 1891, the defendants Crittenden and Stewart loaned to the defendant Brittan, of the money of the bank, the sum of forty-five thousand dollars, without security, upon his note, payable in one year thereafter; that the said loan was made and said note taken for the benefit of Crittenden, and with the express purpose of applying the money so loaned for his benefit, and that he might have the use of that amount of the money of the bank for a year; that upon making the loan the aforesaid note of Crittenden to the bank was canceled, and the difference between

the amount of that note and the forty-five thousand dollars was immediately turned over to Crittenden, and used by him for his own purposes.

The complaint alleges that after the election in October the defendants Crittenden and Stewart willfully and fraudulently conspired and combined to injure the business of the bank, destroy its credit, and depreciate the value of its stock; that the other defendants have been but the instruments in their hands and under their control for this purpose; that the foregoing acts and transactions were had and done in furtherance of such purpose, and in order to carry out the same in the interests of the defendant Crittenden, and that said acts and transactions have in fact greatly injured the business and credit of the bank and the value of its stock; and that the defendants, unless restrained, will make further misappropriations of the funds of the bank, to the injury of the plaintiff.

Upon the facts thus alleged, which by their demurrer the defendants admit to be as stated in the complaint, the plaintiff has shown a cause of action, and the demurrer should have been overruled. Divested of all circumstances of narration, the complaint alleges that the defendant Crittenden, who is trustee of the plaintiff and other stockholders for the management of the funds of the bank, has violated his trust by diverting forty-five thousand dollars of those funds from the purpose for which he was intrusted with their management to his own use and benefit, and has also, without authority, appropriated to himself the sum of four hundred dollars per month as a salary for his services as such trustee. The other allegations merely set forth the persons with whom he has combined and the means adopted by him for the purpose of effecting this result.

It is one of the peculiar functions of a court of equity to protect a *cestui que trust* against any violation by his trustee of his obligation, and to prevent any impairment of the trust fund, and in case of diversion or misappropriation of such fund by the trustee, to direct a resti-

tution thereof, and to enforce such direction by some process appropriate to the exercise of its jurisdiction.

The directors of a corporation hold a fiduciary relation to the stockholders, and have been intrusted by them with the management of the corporate property for the common benefit and advantage of each and every stockholder, and by their acceptance of this office they preclude themselves from doing any act or engaging in any transaction in which their private interest will conflict with the duty they owe to the stockholders, and from making any use of their power or of the corporate property for their own advantage. (Cook on Stocks and Stockholders, sec. 648; Morawetz on Private Corporations, sec. 516; *Cumberland Coal Co.* v. *Sherman*, 30 Barb. 571; *Hoyle* v. *Plattsburgh & M. R. R. Co.*, 54 N. Y. 328; 13 Am. Rep. 598; *Barnes* v. *Brown*, 80 N. Y. 535; *San Diego* v. *San Diego etc. R. R. Co.*, 44 Cal. 106; *Wilbur* v. *Lynde*, 49 Cal. 290; 19 Am. Rep. 645; *Farmers' etc. Bank* v. *Downey*, 53 Cal. 466; 31 Am. Rep. 62.)   For the reason that it is against public policy to permit persons occupying fiduciary relations to be placed in such a position that the influence of selfish motives may be a temptation so great as to overpower their duty and lead to a betrayal of their trust, the rule is unyielding that a trustee shall not, under any circumstances, be allowed to have any dealings in the trust property with himself, or acquire any interest therein.   Courts will not permit any investigation into the fairness or unfairness of the transaction, or allow the trustee to show that the dealing was for the best interest of the beneficiary, but will set the transaction aside, at the mere option of the *cestui que trust*. (Story's Eq. Jur., sec. 322; *Davoue* v. *Fanning*, 2 Johns. Ch. 252; *Taussig* v. *Hart*, 58 N. Y. 428; *Elevated R. R. Case*, 11 Daly, 486; *Michoud* v. *Girod*, 4 How. 503; *Davis* v. *Rock Creek*, 55 Cal. 364; 36 Am. Rep. 40.)   "So strictly is this principle adhered to, that no question is allowed to be raised as to the fairness or unfairness of a contract so entered into.   It obviously is or may be impossible to demonstrate how far, in any particular case, the terms

of such a contract have been the best for the interest of the *cestui que trust* which it was possible to obtain. It may sometimes happen that the terms on which a trustee has dealt, or attempted to deal, with the estate or interests of those for whom he is a trustee have been as good as could be obtained from any other person; they may even at the time have been better, but still, so inflexible is the rule that no inquiry on that subject is permitted." (*Aberdeen R'y Co.* v. *Blaikie*, 1 Macq. 461.) It is declared in the Civil Code, sec. 2229: "A trustee may not use or deal with the trust property for his own profit, or for any other purpose unconnected with the trust in any manner."

The transaction of January 17, 1891, by which Crittenden and Stewart loaned to the defendant Brittan the sum of forty-five thousand dollars of the money of the bank, must be regarded, under the allegations of the complaint, as a violation of their trust. The money was loaned for an unusual term, and without security, contrary to the rules and customs of banking, and for the benefit of the defendant Crittenden; his own promissory note for the sum previously received by him from Stewart was canceled, and the difference between that sum and the forty-five thousand dollars was turned over to him, and used for his own interests and purposes. The transaction was had by them without any previous authorization from the board, and as president and cashier they had no authority to thus dispose of the funds of the bank. The president of a bank has no more power of management or disposal over the property of the corporation than any other single member of the board. He is not the executive officer who has charge of its moneyed operations, and it is not among his functions to withdraw or remove its funds, or to use them for any purpose whatsoever. (Morse on Banks and Banking, sec. 144.) The cashier is the executive officer of a bank, and the one who transacts its financial operations, but his office is purely executive, and his power is limited to transacting such business as the board of directors have

authorized.    (Morse on Banks and Banking, sec. 152.)
It hence results that, as alleged in the complaint, Crittenden and Stewart, without any authority therefor, took of the moneys of the bank the sum of forty-five thousand dollars, and loaned it to the defendant Brittan, with the intent and purpose to apply it to the benefit of Crittenden.

Whether the transactions objected to could have been avoided by the plaintiff if Crittenden had taken no part in them, or if they had been had under the authority of a majority of the board of directors, who were competent to act, need not be considered, since in each of these transactions the act was done either at the instance of Crittenden or by his vote.   The meeting of January 20th may be laid out of consideration, as the doings at that meeting could neither be binding upon the corporation or its stockholders, nor give authority to the parties engaged therein.    Whether or in what manner it was called is not alleged.    It was, at most, but a special meeting, the regular meeting having been adjourned until February 14.    There were only two directors present, — Crittenden and Stewart, — for Murphy, whose resignation had been accepted by the board on the 14th of January, was as devoid of authority to form a component part of the board as would have been any other by-stander.    Upon the basis, however, of this unauthoritative meeting was built all the structure by which the defendants herein claimed to represent the corporation, and to have authorized the transactions in question; but as the stream can never rise higher than its source, the meeting could gain no authority beyond what the two directors could give it, nor could these two directors, by adopting any resolutions, even though they were spread upon the records of the corporation, give to themselves any greater authority than they had without them.

The attempted resolution to increase the salary of the president from two hundred to four hundred dollars per month conferred no authority to withdraw that money

from the bank. A director in a corporation is not entitled to compensation for his services as director, in the absence of any agreement in advance that he shall receive such compensation. If, in the course of his office, he render to the corporation any unusual services, that may be the basis of a *quantum meruit,* but the directors have not the authority to vote salaries to themselves after their election as directors (Cook on Stocks and Stockholders, sec. 657); nor can they in any instance vote a salary to one of their number as president, when he takes part in the proceeding, or his vote is essential to the adoption of the resolution. (*Butts* v. *Wood,* 37 N. Y. 317; *Kelsey* v. *Sargent,* 40 Hun, 155; *Copeland* v. *Johnson M. Co.,* 47 Hun, 235; *Gardner* v. *Butler,* 30 N. J. Eq. 702; *Ward* v. *Davidson,* 89 Mo. 445; *Chamberlain* v. *Pacific Wool Co.,* 54 Cal. 103.) The right of Crittenden to withdraw the money of the bank as compensation for such services was not increased by his causing to be spread upon its records a resolution that he might receive that amount as his salary.

The other grounds of the demurrer are untenable. There is only one cause of action set forth in the complaint, viz., the fraudulent misappropriation by the trustee of the funds with which he had been intrusted, the other matters alleged being merely averments of the facts constituting the fraud and the means and instruments by which it was accomplished. The relief that is sought has reference only to this cause of action. It is no objection to the complaint that the relief sought is not single. It is often necessary, in order that the plaintiff may obtain full justice, that the relief granted him be as varied and diversified as the means that have been employed by the defendant to produce the grievance complained of. If a trustee is shown to have been unfaithful, the court may not only compel restitution, but may also restrain him by injunction from similar acts, or, if deemed necessary, may remove him from his trust. If he has called to his aid other confederates, they also may be enjoined from further participation in the acts

which infringe upon the rights of the plaintiff.   A court
of equity will always find the means of enforcing its de-
crees against a delinquent defendant, and its power in
this respect is as extensive as the exigencies of the case.

The defendants are neither of them improperly joined
in the action.   (*Andrews* v. *Pratt*, 44 Cal. 319.)   Each of
them is alleged to have been in some way connected with
the transactions complained of, and complete justice can-
not be done in the absence of either of them.   Nor was
it necessary that either Pitkin or Smith should have
been made parties to the action.   The plaintiff makes no
complaint against the bank, or against any act in which
they have participated, but seeks relief against the in-
dividuals who are diverting the funds of the bank from
their legitimate channel.   It was necessary that the bank
should be a party to the action, as the action, though in
the name of the plaintiff, is in reality in behalf of the
corporation.   (*Beach* v. *Cooper*, 72 Cal. 99.)

The allegations in reference to the actions brought by
Smith and the plaintiff to determine the rights of the
defendants Graves, Murphy, and Brittan to hold the
office of director are not separate causes of action in
behalf of the plaintiff herein.   These allegations are in
reality immaterial, and might have been struck out of
the complaint on that ground, but they do not vitiate
the cause of action which he has alleged.

The facts alleged in the complaint are sufficient to
obviate the necessity of making any previous demand
upon the corporation or the defendants that they insti-
tute an action to secure the relief which the plaintiff
seeks herein.   (*Beach* v. *Cooper*, 72 Cal. 99; *Moyle* v.
*Landers*, 83 Cal. 579; *Kelsey* v. *Sargent*, 40 Hun, 150.)

It was not necessary that the plaintiff should join with
him the other stockholders as plaintiffs, or that he should
make them defendants in the action.   He had the right
to bring the action in his own name and for his own in-
dividual account, as well as on behalf of the other stock-
holders.   If his allegations are not sufficient to entitle
the action to be considered as brought in behalf of others

than himself, its sufficiency as an action in his own behalf is not impaired by his averment that he brings it for them as well as for himself.

The judgment is reversed, and the court below is directed to enter an order overruling the demurrer, and granting to the defendants twenty days to answer the complaint.

DE HAVEN, J., McFARLAND, J., GAROUTTE, J., SHARPSTEIN, J., and PATERSON, J., concurred.