[No. 19349.    In Bank—March 9, 1895.]

## I. G. WICKERSHAM, RESPONDENT, v. JAMES L. CRITTENDEN ET AL., APPELLANTS.

BANKING CORPORATION — INCREASED SALARY OF PRESIDENT — VOTE OF PRESIDENT.—The trustees of a bank cannot vote a salary to one of their number as president when he takes part in the proceeding, and his vote is essential to the adoption of the resolution; and where an increase of salary of the president of the bank was accomplished by his own vote as trustee, the corporation, or its stockholders, where the corporation fails or refuses to act, may compel the president of the bank to account for and return to the bank the amount of increased salary received by him under such vote.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Graves & Graves*, and *J. L. Crittenden*, for Appellants.

*Lippitt & Lippitt* and *Wilcox & Bouldin*, for Respondent.

THE COURT.—This is an action brought by a stockholder of a bank for himself and other stockholders, to compel the defendant, Crittenden, to account, as president of said bank, for certain moneys received by him

for salary as such president, over and above the sum of two hundred dollars per month. Judgment went for plaintiff, and said defendant and the bank, which was made a defendant, appeal from the judgment and from an order denying a motion for a new trial. The general nature of the action appears in the opinion of the court in *Wickersham* v. *Crittenden,* 93 Cal. 17 (although matters other than said salary were there involved), and need not be repeated here.

There were, no doubt, errors committed by the trial court in ruling upon the admissibility of evidence. A mass of irrelevant documentary matter was admitted; but it did no harm, because it did not obscure, nor in any way affect, the main fact upon which the case turns, namely: that the increase of the salary of the president depended upon and was accomplished by his own vote as a trustee. This fact fully appears from the evidence, and is unaffected by any rulings claimed to be erroneous. As was said in *Wickersham* v. *Crittenden, supra,* the trustees cannot " vote a salary to one of their number as president when he takes part in the proceeding and his vote is essential to the adoption of the resolution. The right of Crittenden to withdraw the money of the bank as compensation for such services was not increased by his causing to be spread upon its records a resolution that he might receive that amount as his salary." This is conclusive of the case in favor of respondent; and it is of no consequence whether the salary was a proper one or not. Neither is it necessary to examine into the other features of the struggle between the appellant and respondent to obtain control of the management of the bank. The resolution raising the salary of appellant was invalid; and that is the only matter necessary to be considered in the case. The complaint was sufficient, because it set up the fact above stated. The case is one of those equity cases in which there is no right to a jury.

The judgment and order appealed from are affirmed.

Rehearing denied.