[Civ. No. 5794. First Appellate District, Division Two.—July 27, 1927.]

SAN LEANDRO CANNING COMPANY, INC. (a Corporation), Appellant, v. L. PERILLO et al., Respondents.

636

Edwin H. Williams for Appellant.

James M. Koford for Respondents.

STURTEVANT, J.—The plaintiff commenced an action to recover moneys from the defendants. The defendants interposed a demurrer which pleaded that the plaintiff's second amended complaint did not state facts sufficient; that plaintiff's alleged cause of action was barred by the pro-

visions of subdivision 4 of section 338, section 359, and subdivision 1 of section 338 of the Code of Civil Procedure; and certain other matters not necessary to be stated. The demurrer was sustained, the plaintiff declined to amend, and thereupon judgment was entered in favor of the defendants. From that judgment the plaintiff has appealed and has brought up the judgment-roll.

The defendants interposed a preliminary objection to the hearing of this appeal. That objection was based on the same facts and involved the same provisions of law as the preliminary objection made in *San Leandro etc. Co.* v. *Perillo et al., ante,* p. 627 [258 Pac. 666].

From an inspection of the judgment-roll it appears that the action was commenced on the twenty-first day of March, 1924. ▮ The action was not barred on said date by any statute of limitations.

On November 8, 1920, the plaintiff was a corporation having an unissued capital stock of $1,000,000, divided into 100,000 shares of the par value of $100 each. It had a board of directors of seven members, the six defendants and another, F. Stenzil, who was deceased at the time this action was commenced. The directors entered into a plan to purchase the plant of another corporation for $135,000 to be paid for in the corporate stock of the plaintiff and to sell $150,000 of the treasury stock. It applied to the corporation department and obtained a permit. The permit, among other things, provided that the compensation to be paid for the sale of said shares should not exceed fifteen per cent; nor should any commission or compensation be paid in connection with any sale made within this state except to an agent or broker holding a certificate from the commissioner of corporations, then in effect, authorizing him to act as plaintiff's agent; that a true copy of the permit be exhibited and delivered to each prospective subscriber before his subscription should be taken. The permit authorized the sale of the stock for twenty-five per cent cash and the balance of the purchase price to be evidenced by promissory notes payable on or before seven and one-half months. Thereafter stock in the sum of $69,249.61 was sold by Allen E. Pelton, J. E. Faustina, L. B. Mills, P. K. Braly, G. A. Prosser, F. B. Cross, and W. J. Justin. The first two were directors and are made defendants. The

other persons were not directors and are not made defendants. It is alleged that commissions amounting to $16,-193.66 were paid the director-defendants as commissions for the sale of said stock, but it is not alleged how many shares were sold by each of the director-defendants, nor how many shares were sold by any one of the other salesmen, although it is alleged that the other salesmen were paid $3,358.10. It is not alleged how many shares were sold.

■ It is alleged (1) that no one of the salesmen "was an agent or broker holding a certificate then in effect from the commissioner of corporations authorizing him to act as plaintiff's agent"; (2) that no one of the salesmen "exhibited or delivered to any prospective purchaser of, or subscriber to, said stock" a copy of the commissioner's permit; (3) that the defendants prepared and printed a prospectus, but in this connection it is alleged that said prospectus "was not filed in the office of the corporation commissioner and that its contents was concealed from said commissioner." Relying on these allegations, the plaintiff contends that the payment of all commissions was unlawful and that for making unlawful expenditures these defendants are liable. (Const., art. XII, sec. 3.) The contention is too broad. The alleged facts do not show that the expenditures for commissions were unlawful. They show, at most, that the sales were made in an unlawful manner. Those allegations show a violation of the Corporate Securities Act (Stats. 1917, p. 673) as to the manner of making sales and might justify, against the salesman, the criminal proceedings mentioned in that act, but they did not constitute nor tend to constitute a cause of action in favor of the plaintiff to recover the commissions back, nor to make these defendants responsible therefor.

For the alleged wrongful acts of the salesmen the Corporate Securities Act (Stats. 1917, p. 673) gives no cause of action in favor of the plaintiff. The facts alleged show how the new purchasers of stock may have been wronged and how such purchasers may have had a cause of action against the salesmen, but not against the directors who did not act as salesmen. But no facts are pleaded showing a cause of action in favor of the plaintiff corporation.

■ As to the two director-defendants, it is alleged that neither of them had a prior contract or agreement with said

corporation whereby they, or either of them, was to be paid a commission for making sales of the corporate stock. As we understand the argument of the appellant it is to the effect that the claims for compensation of the two director-defendants were, therefore, *ultra vires* the corporation and could not legally be paid. If this were an action by said directors to recover compensation for the value of their services so rendered, it will be conceded at once that a prior authorization would be of importance. But that rule is not without limitation. In *Bassett* v. *Fairchild,* 132 Cal. 637, 643 [52 L. R. A. 611, 64 Pac. 1082], the court said: "Now, it has been held that directors of corporations cannot, without previous express contract, receive compensation for such ordinary services as are usually rendered by directors without pay, for the common understanding, as declared by judicial decisions is, that such services are presumed to be rendered gratuitously. But that presumption does not apply to those onerous services performed by officers and agents of a corporation, though they be also directors, for which compensation is usually demanded and allowed, and which could not reasonably be expected to be performed for nothing." (See, also, *Hughes* v. *Pacific Wharf etc. Co.,* 188 Cal. 210, 216 [205 Pac. 105].) But we are running afield. This is not an action by a director to recover compensation. The complaint alleges that the directors have already been paid. This is an action to recover back those payments. Counsel do not cite any authorities, and we know of none, to the effect that, in the absence of allegations of fraud, the mere averment that without a prior authorization the payment to a director for services admittedly rendered would be either a void or a voidable transaction.

█ It is alleged the defendants caused to be printed and circulated a prospectus which stated in effect that the new company was itself selling its shares of stock and in this manner was saving to the company the cost and expenses of hiring solicitors to make the sales. As stated above, the corporation was, in truth and in fact, paying commissions authorized in the sum of fifteen per cent. Assuming, although it is doubtful (*Blewitt* v. *McRae,* 88 Wis. 280 [60 N. W. 258]), that the representation so made was a material false representation, the alleged facts might be of importance in an action by one of the new purchasers of the stock, but

one of the new purchasers is not maintaining this action. This action is brought by the new company against its former directors. It is not pleaded that by reason of the false representations the plaintiff failed to make sales. It is not pleaded that by reason of the false representations litigation was commenced against the plaintiff. In short, no fact or facts are pleaded showing that the plaintiff was injured in any respect whatsoever by reason of the false representations. The case, therefore, stands as follows: The company authorized agents to sell its stock; the agents did so and in making the sales falsely represented that they were acting gratuitously; purchasers bought and paid for the stock and are not complaining of their bargain. The company accepted the payments and retained the same, and does not make any contention that it did not get value received; but in this action it seeks to recover back all of the compensation paid to its agents for making the sales. In making this attempt it has pleaded no facts showing wherein it has suffered detriment. In *Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, at page 571 [42 L. R. A. (N. S.) 404, 126 Pac. 351, 355], the court said: "It is fundamental, of course, that no matter what the nature of the fraud or deceit, unless detriment has been occasioned thereby, plaintiff has no cause of action." Those injuries must be pleaded, as they fix the amount, if anything, which the plaintiff may recover. (7 Labatt's Master & Servant, sec. 2595; 2 C. J. 734, sec. 400.)

In this connection, we have not overlooked the argument that the director-defendants employed and paid themselves. But estimating the pleading with that argument in mind, the complaint is seriously defective in failing to allege other material facts. It appears that the plaintiff had a board of seven directors. It is alleged that two of the directors were interested. That would leave five directors who were not interested. There is not a trace of averment that the claims for compensation presented by the two director-defendants were passed on by those two interested defendants, nor that said claims were not passed and approved by a full quorum of disinterested qualified directors of the plaintiff corporation. Under those circumstances the plaintiff would have no reason to complain. (*Wickersham* v.

*Crittenden,* 93 Cal. 17, 32 [28 Pac. 788]; *Wickersham* v. *Crittenden,* 106 Cal. 327 [39 Pac. 602].)

The plaintiff cites and relies on *Western States Life Ins. Co.* v. *Lockwood,* 166 Cal. 185 [135 Pac. 496]. In that case the plaintiff was seeking to recover secret profits from the defendant executor of Arthur R. Briggs, deceased. Briggs, in his lifetime, was president of the Western States Life Insurance Company. As such, in a stock deal, he had secretly obtained large profits. Not until after his death did the corporation or any of its other officers learn any of the facts. ■ In the instant case no kindred facts are alleged, but, on the contrary, it appears that all of the facts were fully disclosed and were entered on the books of the plaintiff corporation and that the present officers of the plaintiff obtained from those books all of the facts which they pleaded in this complaint. Under these circumstances there was no secrecy or concealment in the sense that those factors are material in alleging a cause of action as for fraud. (1 Thompson on Corporations, 3d ed., sec. 119; 1 Fletcher's Cyc. Corp., sec. 136; *Blood* v. *La Serena Land & Water Co.,* 134 Cal. 361, 370 [66 Pac. 317].) The case is not in point.

It thus appears that, considered in the light of each of the foregoing theories contended for by the plaintiff, its complaint fails to state a cause of action against all of the defendants or any of them. But the facts pleaded present another theory, which we will now take up.

■ The ordinary meaning of the language used in the complaint is that the defendants sold treasury stock at par for $69,249.61 and collected that amount in cash. If so, they sold 692.49 shares. If so, the total of the lawful costs of those sales measured by the terms of the permit, would be fifteen times 692.49, or $10,387.35. But it is alleged the defendants have paid $19,551.76 as the costs of those sales. It follows they paid out unlawfully $9,164.41. For those unlawful expenditures the directors are liable to the plaintiff. (*Dean* v. *Shingle,* 198 Cal. 652 [46 A. L. R. 1156, 246 Pac. 1049].) All that we have said on this point is based on the language used by the plaintiff in framing its complaint. It may transpire that the costs on the sale of no single share were in excess of the amount authorized by the

permit and, in that event, there would be no unlawful expenditure. However, such facts are not presented by the record in its present form. The demurrer should have been overruled.

The judgment is reversed.

Nourse, J., and Cashin, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on August 27, 1927.

Koford, P. J., being disqualified, did not participate herein.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 23, 1927, and the following opinion rendered thereon:

THE COURT.—The petition for a hearing by this court after decision by the district court of appeal in and for the first appellate district, division two, reversing judgment herein is denied.

In denying the same, however, we withhold our approval as to that portion of said decision which indicates that upon the trial of said action the limit of the plaintiff's recovery would be the sum of $9,164.41. Upon the question as to what amount the plaintiff would be entitled to recover upon proof of the facts averred in his complaint we express no opinion.