[S. F. No. 13387.   In Bank.—February 7, 1931.],

SAN LEANDRO CANNING COMPANY, INC. (a Corporation), Appellant, v. L. PERILLO et al., Respondents.

Edwin H. Williams for Appellant.

James M. Koford for Respondents.

RICHARDS, J.—The plaintiff, a California corporation, commenced this action against the defendants, who were its former directors, to require the latter to repay into the treasury of the corporation the sum of $19,551.76, alleged to have been the money and property of the corporation which had been illegally withdrawn from its treasury through the action of the defendants while they were the directors of the corporation, and which were alleged to have been so withdrawn and expended under the circumstances set forth in the plaintiff's second amended complaint. The original complaint was filed on March 21, 1924. The demurrer of the defendants to the second amended complaint was based upon two main grounds: First, that the complaint did not state facts sufficient to constitute a cause of action; and, second, that the plaintiff's cause of action as alleged therein was barred by the provisions of subdivision 4 of section 338, section 359, and subdivision 1 of section 338 of the Code of Civil Procedure. The trial court sustained the demurrer upon each of said grounds and entered judgment in the defendants' favor upon the declination of the plaintiff to further amend. The plaintiff appealed from this judgment to the District Court of Appeal, First District, Division Two, which reversed the judgment and ordered the demurrer to be overruled. (*San Leandro Canning Co., Inc.,* v. *Perillo et al.,* 84 Cal. App. 635 [258 Pac. 670].) In revers-

ing the judgment the court expressly held that the action was not barred upon the date of the commencement thereof by any statute of limitations. This holding was apparently predicated upon the averments of the complaint to the effect that during all of the times mentioned in the complaint at which the moneys and property of the plaintiff corporation were asserted to have been illegally withdrawn by or through the acts of the defendants they, the defendants, were in full control of the plaintiff corporation as the directors thereof. The other matters adverted to by the appellate tribunal in its reversal of the judgment will be considered later in the course of this opinion. Upon the return of the cause to the trial court following such reversal the defendants filed their joint answer to plaintiff's aforesaid second amended complaint, in which, after specific denials of the substantial averments thereof, the defendants repeated their plea to the effect that the plaintiff's alleged cause of action was barred by the provisions of the several sections of the Code of Civil Procedure above set forth. The cause went to trial upon the issues as thus framed, whereupon certain evidence was presented by the respective parties which formed the basis for the findings of fact and conclusions of law of the trial court. These facts, which are substantially undisputed, may be briefly summarized as follows: On or about November 8, 1920, the plaintiff was a California corporation having an unissued capital stock of $1,000,000, divided into 10,000 shares of the par value of $100 per share. It had at that time and thereafter up to a time shortly before the commencement of the present action a board of directors of seven members, the individuals composing which were the six defendants herein and another who was deceased at the time this action was commenced. These directors were during said period, as expressly alleged in said complaint and as expressly found by the trial court, in control of the affairs of the corporation and of the expenditure and disposition of the moneys and property thereof. The directors on or about said date entered into a plan to purchase the plant of another corporation for the sum of $135,000, to be paid for in corporate stock of the plaintiff, and in order to carry into effect such purpose to sell $150,000 worth of the treasury stock of the corporation. They therefore caused

the corporation to apply to the state corporation department for a permit to issue and sell said treasury stock, which permit when issued, among other things, provided that the compensation or commission to be paid for the sale of said shares of stock should not exceed fifteen per cent; nor should any commission or compensation be paid in connection with any sale made within this state except to an agent or broker holding a certificate from the Commissioner of Corporations authorizing him to act as plaintiff's agent in making such sales; a true copy of the permit was to be exhibited and delivered to each prospective subscriber before his subscription should be taken. The permit authorized the sale of the stock for twenty-five per cent cash, the balance of the purchase price to be evidenced by promissory notes payable on or before seven and one-half months from the date of said permit. Acting upon this permit, and in some cases in anticipation thereof, certain of the directors of the corporation undertook to make sales of the said treasury stock of the corporation to various persons without possessing any authorization from the state corporation department so to do in order to conform to the requirements of the aforesaid permit. The two directors who undertook so to do were Pelton and Faustina, who received, according to the findings of the trial court, as commissions on the sale of so much of said treasury stock as were made by them, the sum of $14,112, of which the sum of $12,009.50 was paid by the action of the defendants herein as directors of the corporation to their codirectors Pelton and Faustina before March 21, 1921, and the sum of $2,062.50 after March 21, 1921. The court further found that the sum of $3,004.12 was paid as commissions to others than these two directors on account of similar sales of said stock. It would thus appear that the total sum paid out of the treasury of the corporation upon said sales of its treasury stock, according to the findings of the trial court, was $17,116.12. The total sum found to have been received by the corporation for the sale of its said treasury stock was the sum of $70,279.41, upon which, at the rate allowable for commissions under the terms of said permit, there would be payable to those legally entitled to receive the same the sum of $10,541.91. ■ There are certain discrepancies in the foregoing findings of the trial court which may be cor-

rected upon a retrial of the cause; as for example with respect to the total sum paid by or on behalf of the corporation to directors Pelton and Faustina as commissions for their services in selling said stock, the answer of the defendants expressly alleges that said directors received therefor the sum of $6,228.75 in cash, and also received from the corporation certain promissory notes of the face value of $10,000 on account of commissions for the sale of said stock. These two sums aggregate $16,228.75. The defendants undertake to evade the full effect of this admission upon the theory that the promissory notes so alleged to have been received by said two directors were property of the corporation as distinguished from money, and that for any unlawful transfer and receipt of said property the defendants cannot be held liable in this form of action. The evidence disclosed, however, that the promissory notes so taken over by these two directors consisted of installment notes made payable to the corporation by the purchasers of the stock which said directors undertook to sell under said permit and that in many instances at least the payments made upon said notes were made to the corporation itself, and were by the action of its officers paid over to said directors, to whom said notes had already been assigned. The trial court properly treated these transactions as amounting substantially to a cash payment by the corporation to said directors as commissions for the making of said stock sales. The evidence upon the trial showed the total amount received by said two directors on account of said commissions to have been the sum of $16,858.25, and such should have been the finding of the trial court. If such had been the only errors occurring at the trial they might possibly be corrected upon this appeal without a retrial of the cause, but the trial court committed other and more vital errors in the course of the trial.

When this cause was before the appellate tribunal upon the former appeal it was expressly though quite too briefly stated in its decision that the cause of action set forth in the plaintiff's complaint was not barred at the time of the commencement thereof by any statute of limitations. The unexpressed reason for this ruling was doubtless that set forth in the complaint, to the effect that during the course of the transaction out of which this controversy arose

and for a period of time up to within three years prior to the date of the commencement of the action the defendants were the directors of said corporation, and as such were in the full control of its affairs and finances. These averments of the complaint having been for the purposes of said decision taken to be true, it would follow, under what we deem to be a well-settled principle of law, that the statute of limitations does not commence to run against unlawful acts and expenditures made by or under the direction of the directors of the corporation while they were in full control of its affairs and of the expenditure of its funds. (*City of Oakland* v. *Carpentier,* 13 Cal. 540, 552; *Pacific Vinegar Works* v. *Smith,* 152 Cal. 507, 514 [93 Pac. 85] ; *Whitten* v. *Dabney,* 171 Cal. 621, 629 [154 Pac. 312].) Following the foregoing ruling of the appellate tribunal, and upon the trial of the cause the undisputed evidence in the case showed the aforesaid averments of the complaint to be true. ■ This being so the holding of the appellate tribunal to the effect that this action was not at the date of the commencement thereof barred by any statute of limitations must be held to have become the law of the case, particularly in view of the fact that the trial court in its findings declared: ''That the defendants were directors of said corporation and controlled its affairs and expended its money as such directors and the court so finds.'' Notwithstanding the foregoing state of the record and of its above finding of fact the trial court, after declaring that the plaintiff was entitled to judgment against the defendants for the sum of $4,306.67, proceeded to hold: ''With the exception of said sum of $4,306.67, all other amounts claimed by plaintiff in said complaint are ·barred by the provisions of section 359 and subdivisions 1 and 4 of section 338 of the Code of Civil Procedure.'' The judgment of the court based upon such unjustified conclusion was clearly an error, and this fact alone would seem to compel a reversal of this cause upon appeal. The trial court, however, committed another and equally vital error or series of errors during the trial of the cause.

■ When this matter was before the appellate court upon the former appeal that tribunal undertook to indulge in a course of reasoning the effect of which was to arrive at the conclusion that as to the averments of the complaint

with respect to payments made to the directors Pelton and Faustina and to certain brokers within the limit of the fifteen per cent allowed to be paid as commissions under the terms of the permit to sell its stock issued by the Corporation Commissioner the plaintiff was not entitled to recover the same in this form of action, even though it should be made to appear, as by the averments of the complaint it was made to appear, that said sales were made and said commissions paid in violation of the provisions of the Corporate Securities Act and of the permit issued thereunder, for the reason that the persons making such sales had not received the requisite certificate which would entitle them so to do. With this portion of the aforesaid opinion of the appellate tribunal this court was, however, apparently in disagreement, since upon petition for hearing in this tribunal it was held that while the decision of the District Court of Appeal reversing the former judgment of the trial court was correct in other respects which rendered it proper that the petition for hearing should be denied, this court proceeded to state (*San Leandro Can. Co., Inc.,* v. *Perillo,* 84 Cal. App. 642 [258 Pac. 670, 673]) : "In denying the same, however, we withhold our approval as to that portion of said decision which indicates that upon the trial of said action the limit of the plaintiff's recovery would be the sum of $9,164.41. Upon the question as to what amount the plaintiff would be entitled to recover upon the proof of the facts averred in its complaint we express no opinion." The clear import of this language would seem to be that of suggesting to the trial court that upon the trial of the cause which was to follow the reversal of the judgment the plaintiff should be permitted to make proof of those averments contained in its complaint to the effect that the payment of any commissions whatever to those making sales of the stock of the corporation covered by said permit were unlawful and were recoverable at the suit of the corporation in this form of action. When, however, upon the trial of this cause the plaintiff proffered such proof the trial court refused to admit the same. The specific offer of the plaintiff which was thus refused had reference to the averments of paragraph 6 of the complaint, wherein it was in effect alleged that the directors of the corporation, who were and are the defendants in this action, had entered into a

conspiracy among themselves to violate in certain ways therein set forth the provisions and limitations of the permit for the sale of said stock and had caused the same to be sold and the commissions resulting from such sales to be paid out of the funds and property of the corporation to the two directors Pelton and Faustina in violation of law and of the terms of said permit. Having refused to permit the plaintiff to make proof of the foregoing facts as set forth in detail in paragraph 6 of its complaint, the trial court made the following finding: "That an objection was sustained to the evidence offered as to the allegations of paragraph 6 of said complaint, and therefore no evidence was admitted in support thereof, and said allegations are found therefore to be untrue." Having made the foregoing finding the trial court proceeded further to find: "That the damage sustained by said corporation herein was the sum of $7,883.25, and that of said amount $3,576.58 is barred by the provisions of section 359 and subdivisions 1 and 4 of section 338 of the Code of Civil Procedure. That said $7,883.25 was money paid for commissions exceeding fifteen per cent of sales of said stock for cash." As a conclusion of law from the foregoing findings of fact the trial court found: "That plaintiff should have judgment against the defendants for the sum of $4,306.67, with interest at the rate of seven per cent per annum from the 21st day of March, 1921, and for its costs."

It seems clear to us that in thus limiting the plaintiff's proofs herein and in thus holding that as to the largest part of the plaintiff's cause of action it was barred by the provisions of the aforesaid statute of limitations, and in thus confining the recovery of the plaintiff to the sum of $4,306.67, the trial court has acted not only in disregard of the law of the case with respect to the application of the statute of limitations, but also in disregard of the intimations of this court as to the proof which the plaintiff was entitled to make under the averments of its complaint, and as to the amount of recovery to which the plaintiff might be entitled upon the making of such proof. ■ It is urged, however, by the respondent that the corporation having been granted a permit to make sales of a certain amount of its treasury stock upon the terms and conditions stated therein it was the right and duty of the individual direc-

tors of the corporation to engage in making such sales without the necessity of procuring the broker's certificate required by said permit in order to conform to the Corporate Securities Act. This much may be conceded to be true, but it does not therefore follow that said directors because of the existence of such right and the performance of such duty would be entitled to withdraw from the funds and property of the corporation commissions for making such sales of stock in violation of the terms of the permit, which in conformity with the provisions of the Corporate Securities Act provided: "Nor shall any commission or compensation be paid in connection with any sale made within this state except to an agent or broker holding a certificate from the commissioner of corporations, then in effect, authorizing him to act as applicant's agent." To pay or receive commissions from the treasury of the corporation in violation of this provision of the permit and of the provisions of section 14 of the Corporate Securities Act would be clearly an unlawful act, and to thus disburse the funds and properties of the corporation a wrongful and illegal disposition thereof. Had the plaintiff been permitted to make its proffered proofs as to the circumstances and conditions under which sales of said corporate stock were made by the two directors essaying to make the same, and as to the withdrawal of the sum total of such commissions from the treasury of the corporation in payment of such commissions, the trial court would have been enabled to make findings conformably to our intimations in denying a hearing after the former decision.

The appeal herein having been prosecuted by the plaintiff from the limited form and amount of the judgment in its favor, it is ordered that the judgment shall be and the same is hereby reversed, with direction to the trial court to proceed with a retrial of the issues involved in this cause in conformity with the views expressed in this opinion.

Shenk, J., Seawell, J., Langdon, J., Preston, J., Curtis, J., and Waste, C. J., concurred.

Rehearing denied.