[No. 16003. Department One.—December 10, 1895.]

## I. G. WICKERSHAM, APPELLANT, v. JAMES L. CRITTENDEN, RESPONDENT.

CORPORATIONS—SALARY OF PRESIDENT—RATIFICATION OF ILLEGAL RESOLUTION.—Where a resolution adopted by the board of directors of a corporation, and spread upon its records, on its face purports to be an authentic and efficient act of the corporation fixing the salary of the president at a specified sum, but is rendered illegal by the fact that though the president was one of the board of directors, and his vote was essential to its adoption, he was personally disqualified from voting thereon, such resolution may be ratified, confirmed, and adopted by a subsequently elected board of directors, of which the president is not a member; and such ratification has the effect to validate the original resolution; and for the purpose of justifying the president in taking the salary is to be construed with the same effect as if the original resolution had been properly adopted.

ID.— ACTION BY STOCKHOLDER—DEFENSE— ESTOPPEL OF CORPORATION.— An action brought by a stockholder to recover money paid to the president of the corporation on account of salary is brought for the account of the corporation, and not for the individual benefit of the stockholder; and whatever would have estopped the corporation from recovering a judgment against its president is equally a defense against the action by the stockholder.

APPEAL from a judgment of the Superior Court of Alameda County and from an order denying a new trial. W. E. GREENE, Judge.

The facts are stated in the opinion of the court.

*Lippitt & Lippitt*, for Appellant.

The fixing of the salary at four hundred dollars on the 20th of January, 1891, was void, for the reason that only two of the directors were present, one of whom was Crittenden, who was interested. (*Wickersham* v. *Crittenden*, 93 Cal. 17.) A ratification of a specific act must be direct, explicit, and refer to the act intended to be ratified, in order to be complete in itself. (*Farmers' etc. Co.* v. *San Diego etc. Co.*, 45 Fed. Rep. 518.)

*Crittenden, Foote & Van Wyck*, for Respondent.

The acts of less than a quorum of a board are valid and binding upon the corporation if subsequently rati-

fied by a quorum. (*Smith* v. *Los Angeles etc. Assn.*, 78 Cal. 292; 12 Am. St. Rep. 53; *Austin's case*, 24 L. T. Rep., N. S., 932; *Oregon Ry. Co.* v. *Oregon Nav. Co.*, 28 Fed. Rep. 505; Civ. Code, sec. 308; *Eureka Co.* v. *Bailey Co.*, 11 Wall. 491; 2 Morawetz on Private Corporations, sec. 626; *People* v. *Swift*, 31 Cal. 28; *Zottman* v. *San Francisco*, 20 Cal. 102; 81 Am. Dec. 96; Mechem on Agency, sec. 167; Story on Agency, sec. 244; *Fleckner* v. *United States Bank*, 8 Wheat. 362; *Marsh* v. *Fulton County*, 10 Wall. 684; *Cook* v. *Tullis*, 18 Wall. 338; *Norton* v. *Shelby County*, 118 U. S. 451; *United States Express Co.* v. *Rawson*, 106 Ind. 217; *Davis* v. *School Dist. etc.*, 44 N. H. 407.)

HARRISON, J.—The plaintiff, as a stockholder in the Bank of San Luis Obispo, brings this action on behalf of himself and other stockholders, for the benefit of the corporation, to compel the defendant to account for and pay over to the corporation certain moneys received by him ostensibly for his salary as president, but which the plaintiff alleges were received without right. The facts out of which the cause of action is claimed to arise are stated in the opinion given in *Wickersham* v. *Crittenden*, 93 Cal. 17, and in an action similar to the present which was brought May 16, 1892, with reference to the salary received by the defendant prior to that date, and which is reported in 106 Cal. 327. The present action was brought May 24, 1893, and it is alleged in the complaint that the defendant had received of the moneys of the corporation the sum of four hundred dollars per month, from May 16, 1892, until November 1, 1892, and that the only salary that he was authorized to receive was fixed by the directors at two hundred dollars per month, in October, 1890. The court found that the defendant had received the salary of four hundred dollars a month from May 16, 1892, up to and including the thirtieth day of June, 1892, but not subsequently, and that his taking of this salary was authorized by the corporation, and gave judgment for the defendant.

In the case reported in 93 Cal. 17, it was held that the original resolution adopted at the meeting of the directors December 12, 1890, fixing the salary at four hundred dollars, was illegal. The resolution was, however, adopted by the board of directors of the corporation, and was spread upon its records, and on its face purported to be an authentic and efficient act of the corporation. Its invalidity arose from the fact that Crittenden, whose vote was essential to its adoption, was personally interested in the subject matter of the resolution, and, therefore, disqualified from voting thereon. The resolution was, however, within the power of the corporation to adopt, and, though invalid at the time it was adopted, could be subsequently ratified by a competent board of directors, or could be adopted anew, either by reference to it as it was spread upon the records, or by its introduction as an original resolution.

It is not necessary to consider the attempted ratification by the board of directors, which in the former case ( *Wickersham* v. *Crittenden*, 93 Cal. 17), was held to have been illegally constituted, and as the purported ratification at the annual meeting of the stockholders in October, 1891, was adopted only by counting the vote of Crittenden therefor, that also may be laid out of consideration. At this annual meeting another board of diréctors was chosen, which, at a meeting held June 17, 1892, passed a resolution by which they "ratified, approved, confirmed, and adopted" the resolution which had been adopted by the board of directors December 12, 1890, and, at the same time, fixed the salary of the president at two hundred and fifty dollars per month from and after the first day of July, 1892. This resolution had the effect to validate the original resolution, and, for the purpose of justifying the action of the defendant in taking the salary, is to be construed with the same effect as if the original resolution had been properly adopted. The present action by the plaintiff is brought for the account of the corporation, and not for his individual benefit, and whatever would estop the

corporation from recovering a judgment against the defendant is equally a defense against the present action of the plaintiff.

The judgment and order are affirmed.

GAROUTTE, J., and VAN FLEET, J., concurred.