[S. F. No. 860.   Department One.—November 21, 1898.]

JESSIE PYLE, Respondent, v. EDWARD M. PIERCY, Appellant.

JUDGMENT OF DISMISSAL—NONAPPEARANCE OF PLAINTIFF AT TRIAL—RES ADJUDICATA.—A judgment of dismissal of an action for want of prosecution for nonappearance of the plaintiff at the time set for trial is not an adjudication of the cause upon its merits, and is not a bar to another action for the same cause.

ID.—PLEA IN ABATEMENT—PRIOR ACTION PENDING.—The judgment of dismissal not having the elements to constitute a bar to another action, it has not the elements to support a plea in abatement thereto; and the fact that the time for appeal from the judgment of dismissal had not expired when the second action was commenced is not ground for a plea in abatement of the second action, upon the ground that the prior action was still pending.

ACTION FOR BREACH OF PROMISE OF MARRIAGE—STATUTE OF LIMITATIONS. An action for a breach of promise of marriage is not barred by the statute of limitations upon the ground that promises of marriage had been made more than two years before the commencement of the action, if a new and independent promise of marriage was made within that period, which the defendant refused to perform.

ID.—EVID_NCE—CROSS-EXAMINATION OF DEFENDANT—CHARACTER OF DE-
TECTIVE EMPLOYED.—It is prejudicial error to question the defend-
ant on cross-examination as to the character of a detective em-
ployed by him, who was not called as a witness in the case.

ID.—IMPEACHMENT OF WITNESS.—A witness cannot be impeached on
cross-examination by proof that the witness had been living
with her husband before marriage, and cannot be questioned
relative thereto on cross-examination, if no testimony was given
in chief bearing on that subject.

APPEAL from a judgment of the Superior Court of Santa
Clara county and from an order denying a new trial. John
Reynolds, Judge.

The facts are stated in the opinion of the court.

Thomas V. Cator, and E. E. Cothran, for Appellant.

William P. Veuve, and R. R. Ayer, for Respondent.

GAROUTTE, J.—Defendant appeals from the judgment and
order denying his motion for a new trial. The action is one for
damages based upon a breach of a promise of marriage.

1. Defendant pleaded a judgment in bar based upon the fol-
lowing facts: Plaintiff filed her complaint, and defendant an-
swered. The time arrived for trial, and the plaintiff's attorney
failed to appear. Thereupon defendant answered ready, and
made a motion that the action be dismissed by reason of
nonappearance of plaintiff. At this stage of the proceeding,
plaintiff's attorney appeared and declined to further prosecute
the action. The court thereupon ordered the action dismissed
for want of prosecution, and gave judgment in favor of defend-
ant for his costs. Thereafter a new complaint was filed upon
the same cause of action, and defendant, by his answer, pleaded
this aforesaid judgment in bar to the prosecution of the present
action.

Section 581 of the Code of Civil Procedure declares that an
action may be dismissed or a judgment of nonsuit entered in
the following cases:

"3. By the court when the plaintiff fails to appear on the
trial, and the defendant appears and asks for the dismissal."
The succeeding section declares: "In every case other than those
mentioned in the last section judgment must be rendered on the

merits." In this case it may be fairly said that the plaintiff failed to appear at the time the case was called for trial, and under the authority of this section the court was justified in dismissing the action. We are not inclined to extend the doctrine of *retraxit* as recognized in the case of *Merritt v. Campbell*, 47 Cal. 543, and that case is essentially different in its facts from the case at bar. When there has been no adjudication of the cause upon its merits, it will only be in exceptional cases that this court will hold that a judgment of dismissal is the equivalent of a judgment of *res adjudicata* upon the facts. Upon reason there is nothing to justify such a rule; nothing has been litigated, and no principle of estoppel can be invoked. If plaintiff had proceeded with the trial until nonsuited upon the weakness of her evidence, such judgment of nonsuit would not have been a bar to the commencement of the present action. How much less reason to declare a bar under existing circumstances. We find no direct authorities in this state upon the question, but in the case of *Laird v. Morris*, 23 Nev. 34, the matter is directly presented under a similar statute, and after careful consideration it was held that such a judgment was not a bar.

It is also insisted that if this judgment of dismissal may not be pleaded in bar because not a final judgment in the sense that the time for appeal therefrom had not expired, then it may be pleaded in abatement, and consequently the present action should have been abated. Having already held that the judgment of dismissal was not a judgment of the character that could be pleaded in bar, it necessarily follows that such a judgment cannot be pleaded in abatement and avoidance. In other words, if the judgment of dismissal be a final judgment, and still cannot be pleaded in bar, then, if it is not a final judgment, it cannot be pleaded for the purpose of abating the present action. A judgment which has not the elements to constitute a bar has not the elements to support a plea in abatement.

It is contended that the action is barred by the statute of limitations. The action was begun in the month of August, 1895. The promise of marriage is alleged to have been made Septembember, 1893.

The evidence disclosed that defendant had made promises of marriage to plaintiff as early as 1891; but the fact of his promise

having been made in 1891 is no reason why a new and independent promise could not have been made in 1893. There would be the same character of consideration to support the last promise as the first, and the fact that a previous promise had been made by defendant, and a breach thereof taken place, was in no sense a bar to the introduction of evidence before the jury that a new and subsequent promise had been made in 1893, which defendant refused to carry out.

Upon cross-examination defendant was asked: "Have you had detectives employed to shadow her (plaintiff)?" He replied that he had one; and, in answer to another question, stated that her name was Miss Katie Lewis. He was then asked: "Don't you know that this detective, this little girl, was committed by Judge Lorigan a month or six weeks ago to the reform school at Whittier?" Notwithstanding objection upon the part of his attorney, the witness was required to answer the question, and replied in the affirmative. The trial court appears to have admitted the evidence for the purpose of showing the character of the person employed by defendant as a detective. The admission of this evidence was clearly erroneous. Its single purpose was to create a prejudice against the defendant, and it was likely to serve that purpose well. The girl was not a witness in the case; hence, if for no other reason, the evidence was entirely incompetent as bearing in any way upon her credibility. It was an indirect attack upon the honesty and integrity of the defendant and his case, and wholly unauthorized by any principle of law. This evidence necessarily weighed against him with the jury.

Mrs. Tomlinson was an important witness for the defendant. Upon cross-examination, under objection, she was forced to say that she had been living with her husband Tomlinson prior to their marriage. The evidence was not cross-examination, and in addition thereto a witness cannot be impeached in this way. Such evidence tended strongly to discredit the witness, and the error committed in its admission was clearly prejudicial.

Numberless other objections are made to the rulings of the trial court in the admission and rejection of evidence. The court has examined them patiently and carefully, and nothing appears therein demanding a retrial of the case. Indeed, we find there nothing demanding extended consideration. Some objec-

tion is made to an instruction of the court wherein the jury are told that in the assessment of damages defendant's financial ability is an element to be taken into consideration. In view of the fact that there was no evidence given at the trial as to the financial ability of the defendant, this instruction would seem to be without the facts. Upon an examination of the other instructions given and refused, we find no objection of merit.

For the foregoing reasons the judgment and order are reversed, and the cause remanded for a new trial.

Van Fleet, J., and Harrison, J., concurred.

Hearing in Bank denied.