[S. F. No. 12006. In Bank.—April 29, 1927.]

AMIEL HOGEBERG et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION OF THE STATE OF CALIFORNIA and NICKOLAUS MEIERS, Respondents.

[1] WORKMEN'S COMPENSATION ACT— INDUSTRIAL ACCIDENT COMMISSION — INCREASE OF AWARD — JURISDICTION. — The Industrial Accident Commission has no power to increase its original award by amended findings after its original findings and award have become final, without new facts or a change in the condition of the applicant to support its action.

---

1.   See 27 Cal. Jur. 491.

[2] Id.—Disability — Construction of Order — Final Adjudica-
tion.—Where the Industrial Accident Commission found that an
injury caused temporary partial disability, beginning with a cer-
tain date and continuing indefinitely, entitling the employee to
a certain weekly amount based upon a fifty per cent loss of earn-
ing power, and made an award based upon the findings, a sub-
sequent order of the Commission, made upon applications of
each of the parties for a rehearing, which were denied, reciting
that the report of the medical and surgical treatment under
the previous order showed no condition that could have caused
disability to the applicant and that therefore temporary partial
disability due to the injury did not extend beyond a certain
time, and containing a notice that unless good cause to the con-
trary be shown in a certain time the Commission would amend
its previous findings and award, no further action, however, being
taken to do so, cannot be considered a final adjudication of
applicant's claim to either temporary or permanent disability.

[3] Id.—Order of Referee—Construction of.—Under section 4 of
the Workmen's Compensation, Insurance and Safety Act, an order
made by a referee of the Commission is deemed an order of
the Commission only when approved and confirmed by the Com-
mission; and such an order cannot be construed as a final de-
termination by the Commission of an applicant's claim for dis-
ability where there is nothing in the record to show that the
Commission approved the same.

[4] Id.—Dismissal of Proceeding for Lack of Jurisdiction—Right
to Maintain New Proceeding.—Dismissal by the Industrial Acci-
dent Commission of a petition to establish permanent disability
resulting from injuries, upon the ground of want of jurisdiction,
is not a bar to a second proceeding of the same character.

[5] Id.—Award for Temporary Disability—Right to Petition for
Permanent Disability. — Where the Industrial Accident Com-
mission has made an award of compensation for temporary in-
juries, to continue until terminated, and it has made no legal
order terminating the compensation, the applicant is entitled to
petition for a permanent disability rating based upon a change
in his condition subsequent to the previous order.

[6] Id.—Permanent Disability—Sufficiency of Petition.—Although
a petition asked for the recovery of compensation allowed on
a previous order for partial disability and for a surgical operation,
where it further set forth that applicant is still disabled and
unable to work and asks that the Commission enter its findings
and award finding petitioner's rights based upon his present
condition, the petition having been filed over three years after
the date of the injury, and the Commission having considered

5. See 27 Cal. Jur. 419.

and heard the petition as for permanent disability compensation, the petition will not be held insufficient as a petition for permanent disability.

(1) Workmen's Compensation Acts, C. J., p. 117, n. 58 New.   (2) Workmen's Compensation Acts, C. J., p. 117, n. 56 New.   (3) Workmen's Compensation Acts, C. J., p. 132, n. 76.   (4) 34 C. J., p. 775, n. 64, p. 796, n. 53; Workmen's Compensation Acts, C. J., p. 114, n. 12 New.   (5) Workmen's Compensation Acts, C. J., p. 132, n. 79. (6) Workmen's Compensation Acts, C. J., p. 132, n. 76.

APPLICATION for a Writ of Certiorari to review an award of the Industrial Accident Commission for permanent disability compensation.   Award affirmed.

The facts are stated in the opinion of the court.

Barry J. Colding, Theodore Hale and H. C. Kelsey for Petitioners.

Warren H. Pillsbury and G. C. Faulkner for Respondents.

CURTIS, J.—The facts upon which this proceeding is based are stated in the opinion of Mr. Justice Tyler, Presiding Justice of the district court of appeal, first appellate district, division one. We adopt that opinion in part as follows: .

"Certiorari to review a supplemental award made by the Industrial Accident Commission under which an injured employee was given a permanent disability compensation allowance for 88 weeks, amounting to the sum of $1,833.04.

"Petitioner New Amsterdam Casualty Company is the insurance carrier of its copetitioner Hogeberg. Respondent Nickolaus Meiers was employed by Hogeberg as a hodcarrier and on June 27, 1922, he injured his left knee through slipping and falling upon a concrete floor. Meiers was compensated thereafter by the insurance carrier and given medical treatment, but being dissatisfied therewith he filed in the office of the Commission an application for adjustment of claim by him against petitioners herein arising out of the accident. Petitioners filed an answer and thereafter said matter came on for hearing and evidence was taken by a referee appointed by the Commission. On the 14th

day of April, 1923, the Commission filed its findings and award in favor of Meiers and against petitioners. It found that the injury complained of proximately caused temporary total disability, continuing from the date thereof to and including the 20th day of November, 1922, for which compensation had been paid for in full at the rate of $20.83 per week, beginning with the eighth day after said injury. It found in addition thereto that the injury also proximately caused temporary partial disability, beginning with the 21st day of November, 1922, continuing indefinitely, entitling the employee to $10.41 per week based upon a fifty per cent loss of earning power, and that the amount accrued to April 4, 1923, a period of 19 2/7 weeks, was $200.76. In accordance with these findings an award was made in favor of the applicant and against the defendant New Amsterdam Casualty Company for the sum of $200.76, and the further sum of $10.41 per week, beginning with the 5th day of April, 1923, until the termination of the disability or the further order of the Commission. It was further ordered that the defendant company furnish to the applicant suitable surgical and hospital treatment necessary for the cure of the condition from which he was suffering as a result of the injury, and that during any period of disability occasioned by such treatment that defendant pay to the employee the sum of $20.83 per week. The insurance carrier complied with this award. It placed the applicant in a hospital where he was operated upon, and thereafter it compensated him in accordance with the terms of the orders.

"Despite the award so made in his favor the applicant became dissatisfied and on April 23, 1923, he filed an application for a rehearing. Petitioners filed an answer thereto and at the same time they too filed an application for a rehearing and a request for termination of liability. Thereafter on the 20th day of June, 1923, the Commission made its order denying applicant's petition for a rehearing. It also denied defendants' petition for rehearing and made a finding of fact that the medical and surgical treatment furnished by defendants under the Commission's findings and award of April 14th disclosed no condition that should have caused disability to the applicant and that therefore temporary partial disability due to injury did not extend beyond April 5, 1923. In the same order, however, the

Commission made a finding that the applicant was 'temporarily totally disabled by reason of the above-mentioned treatment beginning April 25, 1923, indefinitely' and the Commission gave notice of its intention to amend the findings and award accordingly, unless good cause to the contrary be shown in writing within ten days from the date of this order.

"The order proposed in this notice of intention to amend the findings and award it seems was never made.

"On the 2d day of July, 1923, petitioners herein filed their petition for an order terminating their liability for compensation. In this petition it is set forth that the applicant should have been able to return to work on or about May 23, 1923, as he had fully recovered from the results of the surgical treatment given him on April 25, 1923. This petition was supported by reports of attending surgeons. Thereafter on July 9, 1923, the applicant filed a petition for a rehearing. On the 28th day of July following the Commission made its order denying petition for rehearing. On August 20th of the same year the applicant filed a petition for an increase of compensation and following this petition hearings were had before a referee and thereafter on September 7, 1923, such referee made an order terminating indemnity. This order concludes with the referee's signature and the statement that it will be approved by the Commission after five days, notice of approval to be mailed to the parties. This confirmation, so far as the record shows, was never made and no petition for a rehearing therefrom was filed by the applicant.

"A few days following this order of the referee a protest was sent to the Commission by the attorney for the applicant criticizing this order of the referee and requesting that the Commission go into the matter personally. Pursuant to this request the matter was sent to Dr. Leonard Ely for special examination. This physician and one Dr. Chamberlain made an examination of the applicant's injury. Dr. Ely filed his report on October 12, 1923, in which he stated that in his opinion the applicant's then disability was not referable to the accident, but rather to an infectious arthritis attributable entirely to systematic or local disease. Nothing further appears in the record concerning the confirmation of the order of the referee. The following year and on

the 30th day of June, 1924, the applicant filed a petition for a modification of the award made on the 14th day of April, 1923. This petition was accompanied by a report of the applicant's attending physician. In this petition the applicant represented that his disability had become established to such a degree and such a character that the same had become a permanent injury.

"Following the filing of this petition, which prayed for a permanent disability rating to applicant, a hearing was held before a referee of the Commission, at which hearing the applicant produced evidence of his condition. Thereafter, on August 12, 1924, the Commission made its order denying the petition for further compensation. The Commission found that applicant's claim for additional relief had been previously determined adversely to him and had become *res adjudicata*, and that the Commission was without jurisdiction to entertain the petition. An order was accordingly made that the applicant take nothing further by reason of his petition. On the 26th day of September following, and more than twenty days after the making of the last order referred to, applicant filed a petition for a rehearing. To this petition defendants filed an answer in which they set forth a history of the proceedings had before the Commission and claim that such proceedings clearly showed that the entire matter was *res adjudicata* and that the Commission had no jurisdiction to render any further award. The answer set forth that the petition for rehearing merely presented evidence which had been previously fully and carefully considered and determined by the Commission; that no new evidence was presented by the petition and that its decision of August 12, 1924, was final upon the subject.

"On the 24th day of November, 1924, the Commission denied the applicant's petition for a rehearing.

"The following year and on the 6th day of January, 1925, applicant again filed a petition 'for further order and allowance for further surgical operation.' In this petition it was claimed that the original allowance of half compensation had never been terminated, but was still in force and effect. A finding and award was asked for covering the alleged claim and also that petitioner's rights be based upon his present condition. Accompanying this petition

was a report of certain physicians. Petitioners herein filed their answer to this application in which they again reviewed the history of the proceedings had before the Commission and claimed that no showing was made by the medical reports that would justify the Commission in reopening the case under section 20 (d) of the act and that the matter had been fully and finally determined and was *res adjudicata.*

"Following the filing of this petition and the answer thereto, the Commission set the cause for further hearing, and the testimony of the physicians who had filed the reports accompanying applicant's petition was received and considered. The Commission then referred applicant to a medical referee for further examination and for this purpose the Commission appointed a physician to examine applicant.

"Thereafter, on July 15, 1925, the Commission made its 'Supplemental Findings and Award' by which it determined the applicant to be suffering from a 'permanent disability' proximately caused by the original injury and allowed a 22 per cent permanent disability rating thereon. The Commission made a further finding that the disability of the applicant 'determined, became permanent and reached a stage at which the extent of permanent disability could first be definitely ascertained within six months and such permanent disability therefore constituted a new and further disability under the provisions of section 11 (c) of the Workmen's Compensation Act and this application was therefore filed in time.'

"Within twenty days after the making of this order and award, petitioners herein filed their application for a rehearing. Accompanying this petition was filed a memorandum which again reviewed the various previous petitions and orders of the Commission thereon and where it was again pointed out and claimed that the whole matter had become *res adjudicata* and the Commission was therefore without jurisdiction to grant the relief given. On the 10th day of August, 1925, the Commission made its order denying a rehearing, whereupon the present proceeding was instituted.

"It is here claimed in support of the relief prayed for that the Commission acted without and in excess of its

powers and that the evidence does not justify the findings
of fact.    In support of these grounds petitioners rely upon
the evidence, the various orders, decisions and awards made
herein prior to the filing of the petition of January 6, 1925,
and upon the reports and other medical data on file before
the Commission.

"Petitioners insist that the order denying the petition
for further compensation made by the Commission on the
12th day of August, 1924, and the order denying rehearing
made on November 24th following, not having been appealed
from in the manner prescribed by the act, are final and
conclusive against all claims of the applicant for matters
occurring prior to the date of said orders.    They further
contend that while under section 20 (d) of the act the Com-
mission has continuing jurisdiction for 245 weeks from the
date of the injury and has the right to review, grant or
regrant, diminish, increase or terminate compensation, such
right is dependent solely upon the grounds 'that the dis-
ability of the person in whose favor such award was made
has either recurred, increased, diminished or terminated.'

"It is claimed that in the applicant's petition of Janu-
ary 7, 1925, filed long after the previous order of November
24, 1924, had become final, and in the subsequent hearings
and the medical evidence submitted there is no evidence to
indicate that applicant's disability has either recurred, in-
creased, diminished or terminated.    Petitioners therefore
contend that there is no evidence whatever to support the
supplemental findings of the Commission to the effect that
the applicant was suffering from a permanent disability
or that his condition is in any way different to what it
was prior to November 24, 1924, the date of the last final
order of the Commission.

[1] "There can be no question that the Commission has
no power to increase the original award by amended findings
after its original findings and award have become final
without new facts or a change in the condition of the appli-
cant to support it.    In *Georgia Casualty Co.* v. *Industrial
Acc. Com.*, 177 Cal. 289 [170 Pac. 625], it appeared that
the Commission attempted to make a second award not
based upon any new facts since its original one, but predi-
cated solely upon a reconsideration of the facts upon which
its former award was made and it was held that the con-

tinuing jurisdiction given to the Commission to rescind, amend or alter its own orders, decisions and awards, is limited under the terms of the act for the sole purpose of making such change as may be required by the occurrence of new facts arising after the date of the original decision; and where the Commission, after a denial of an application for a rehearing, makes a second award based solely upon a reconsideration of the facts upon which an award was made, and without any evidence having been presented as a basis for the second award, such action is in excess of the jurisdiction of the Commission. See, also, *Northern Redwood Lumber Company* v. *Industrial Acc. Com.*, 44 Cal. App. 61 [185 Pac. 991].

" . . . The same question involved in the Georgia Casualty case has recently been considered and passed upon by this court since the amendment. In *Benton* v. *Industrial Acc. Com.*, 74 Cal. App. 411 [240 Pac. 1021], it is held in conformity with the decisions above cited that the continuing jurisdiction given to the Commission under sections 11 (c) and 20 (d) of the act to take cognizance of applications for additional compensation within two hundred and forty-five weeks after the date of injury upon the ground that the original injury has caused new and further disability does not authorize the Commission to entertain supplementary applications for the identical complaint where relief has once been denied. The determination of that issue is final in the same manner as the original decision where there has been no change in the disability or injury.

"It is not here claimed that there has been any such change and the evidence shows that on the hearing had upon the last application of January 7, 1925, no statement or even suggestion was made that petitioner's condition had recurred or increased, or that he had a new and further disability, nor that any change had taken place in his condition, and it is conceded that the only question before us is whether the Commission has, by reason of any intermediate adjudication, precluded itself from allowing the applicant compensation for his alleged permanent disability by the order here complained of.

"It would be a matter of supererogation to again review the many petitions filed with the Commission and the orders

made in reference thereto. That there is a confusion in the record there is no question. It does definitely appear therefrom, however, that on June 30, 1924, nearly a year following a prior order, the applicant filed a petition for a permanent disability rating, which petition was accompanied by a report of his physician. It is conceded that the applicant had the right so to do and was entitled to the remedy sought, provided he was able to show a change in his condition to justify the Commission in reopening his case. The applicant was given a hearing and an opportunity to present all his evidence. After the close of this hearing the Commission on August 12, 1924, made its order denying the petition for further compensation and found that the evidence introduced in support thereof involved matters which had theretofore been decided adversely to the applicant and which had become *res adjudicata,* and ordered that the applicant take nothing further from the petition or the claim asserted by him. Applicant had twenty days within which to file a petition for a rehearing. He did not do so until September 26th following, but it was nevertheless considered and denied. It is claimed that this order did not decide whether or not the applicant was suffering from any permanent disability, but only determined that the Commission was without jurisdiction to go into the question upon its merits for want of jurisdiction. . . . ''

While the Commission granted a full hearing upon the petition filed June 30, 1924, and heard and received evidence upon its merits on behalf of all the parties thereto, it is apparent from the record before us that the order of August 12, 1924, and the order of November 24, 1924, denying a rehearing of the same, were not based upon the evidence adduced at said hearing, but were made upon the belief and finding on the part of the Commission that it had previously decided the issues then before it adversely to the applicant. This is made apparent beyond any question by reference to said orders. The order of August 12, 1924, after certain recitals, contains the following as the sole finding of facts: ''The petition for additional relief filed herein on the 30th day of June, 1924, and the evidence introduced in support thereof, involved matters which have been heretofore decided adversely to the applicant, and

which now have become *res adjudicata,* and this Commission is therefore without jurisdiction to entertain said petition or grant the relief prayed for." Upon this finding the Commission made its order, as follows: "In accordance with the foregoing Findings, It is hereby ordered that applicant take nothing further by reason of the aforesaid petition or the claim herein asserted." The order of November 24, 1924, denying a petition for a rehearing, simply recites that: "Good cause appearing therefor, It is ordered that applicant's petition for rehearing filed herein on the 27th day of September, 1924, be, and the same is hereby, denied." This was not a hearing upon its merits. When, therefore, the petition on January 6, 1925, came before said Commission for hearing it examined the record of the proceedings of this matter and determined that the claim of applicant for permanent disability had never been finally adjudicated by said Commission and that as said application had been made within 245 weeks from the date of the injury the Commission still had jurisdiction of said matter. It thereupon proceeded to hear said application upon its merits and after said hearing and on July 15, 1925, made its supplemental findings and award. As before noted, a petition for a rehearing thereof was denied August 10, 1925. As we view the case as it now stands, there are presented two questions upon the correct answers to which rests the validity of said award of July 15, 1925. The first of these questions is as to the correctness of the finding or conclusion of the Commission that the order before it was not *res adjudicata,* and the second is as to whether the Commission was bound by its order of August 12, 1924, in which it declared that it had previously adjudicated the claim of applicant for permanent injury.

[2] As to the first of these questions the respondents claim that by two separate orders of the Commission it had decided that applicant had suffered no permanent injury. One of these is the order of date June 20, 1923, and the other was the order of September 7, 1923. In the first place it will be observed from the above recital of the facts herein that the Commission on April 14, 1923, found that the injury "caused temporary partial disability, beginning with the 21st day of November, 1922, continuing indefinitely, entitling the employee to $10.41 per week, based upon a 50

per cent loss of earning power.'' An award based upon and in accordance with said finding was made by the Commission. Each party to these proceedings applied for a rehearing, and on June 20, 1923, the Commission denied said applications. Said order was in the following words:

''It further appearing from the reports above mentioned that the medical and surgical treatment furnished by said defendant under the Commission's order of April 14, 1923 disclosed no condition that could have caused disability to said applicant and that therefore temporary partial disability due to injury did not extend beyond April 5, 1923, and

''It further appearing that said applicant was temporarily totally disabled by reason of the above-mentioned treatment beginning April 25, 1923, indefinitely.

''Now, therefore, it is ordered that the petitions for rehearing by both applicant and defendant be and they are hereby denied.

''Notice is hereby given that unless good cause to the contrary be shown in writing within ten days from the date of this order this Commission will amend the findings and award heretofore entered in accordance with the findings set out above.''

No further action was taken by the Commission under this order and said findings and award of April 14, 1923, were never amended or modified in any manner whatever. Just why the Commission failed to cause amended findings and award to be made and filed does not appear from the record, but it is perfectly clear that as the findings and award of April 14, 1923, were left intact, the order of June 20, 1923, can have but slight, if any, bearing in the determination of the rights of the applicant. We are fully convinced that it was not a final adjudication of applicant's claim to either temporary or permanent disability. [3] The other order relied upon by said respondents as a final determination by the Commission of applicant's claim for disability is the order of September 7, 1923. This order was not made by the Commission or by any members thereof, but by a referee of said Commission. Following the signature of the referee to the document were the following words: ''Notice: The foregoing order will be approved by the Industrial Commission after 5 days. Notice of

approval will be mailed to parties." This "notice" was unsigned and the record fails to disclose that any further action was taken in pursuance thereof or under said order of the referee. There is an entire absence in the record of any evidence of any order of the Commission approving or confirming the referee's order of September 7, 1923. By section 4 of the Workmen's Compensation, Insurance and Safety Act an order made by a referee shall be deemed an order of the Commission only when approved and confirmed by the Commission. It must be clearly apparent, therefore, that this order of September 7, 1923, was not in any sense a final adjudication of any right of applicant nor was it any order of the Commission whatever. There is, therefore, nothing in the record to support or justify the finding and order of the Commission of date August 12, 1924, holding that "The petition for additional relief filed herein on the 30th day of June, 1924, and the evidence introduced in support thereof, involved matters which have been heretofore decided adversely to the applicant and which now have become *res adjudicata.*" Accordingly, it was the duty of the Commission upon the filing of applicant's petition of June 30, 1924, to proceed and hold a hearing thereon on its merits. This it refused to do for the reason, as set forth in said order of August 12, 1924, that "this Commission is therefore without jurisdiction to entertain said petition or grant the relief prayed for."

[4] This brings us to our second question and that is the binding effect of this order of August 12, 1924, upon the future acts of the Commission. Applicant filed a petition for a rehearing, which was denied. The order thereupon became final. Did this final order of the Commission denying applicant's petition of June 30, 1924, upon the ground that it was without jurisdiction to entertain the same, preclude it from thereafter entertaining a subsequent petition for the same relief based upon the same state of facts set forth in said prior petition? In other words, is the dismissal of a proceeding for want of jurisdiction to hear the same a bar to a second proceeding of the same character?

This question has frequently arisen in cases pending before the courts of this state and we see no reason why the same rule prevailing in the courts is not applicable to pro-

ceedings before the Industrial Accident Commission. In 15 California Jurisprudence, page 129, the rule is stated as follows: "Where a proceeding is dismissed for want of jurisdiction the judgment or order is not a bar or estoppel in another court or proceeding wherein jurisdiction is obtained." In *Slaker* v. *McCormick-Saeltzer Co.*, 179 Cal. 387, 389 [177 Pac. 155, 156], this court, in considering this same question, held as follows:

"But to operate as a bar or estoppel, the judgment in a former action must have been on the merits. (15 R. C. L. 955; 23 Cyc. 1131; *Gray* v. *Dougherty*, 25 Cal. 266; *Hughes* v. *United States*, 4 Wall. 232 [18 L. Ed. 303]; *Swift* v. *McPherson*, 232 U. S. 51 [58 L. Ed. 499, 34 Sup. Ct. Rep. 239, see, also, Rose's U. S. Notes].) To determine the character and scope of an adjudication, the entire record of the prior action is to be examined. (*Watson* v. *Lawson*, 166 Cal. 234, 241 [135 Pac. 961]; *Smith* v. *Auld*, 31 Kan. 262, 266 [1 Pac. 626].) Looking merely to the judgment in the foreclosure suit, it is very plain that the court did not therein undertake to pass upon the merits of the controversy between Slaker and the McCormick-Saeltzer Company. What it did was to decline to determine that controversy, for the reason that it was without jurisdiction, in that action, so to do. Whether the holding that it had no jurisdiction was sound or erroneous is not a question for consideration here. The essential point is that there was no adjudication of the merits. Having reached the conclusion that it lacked jurisdiction, the court might more appropriately, perhaps, have ordered a dismissal as to the McCormick-Saeltzer Company, instead of adjudging that the plaintiff 'have and recover nothing of or from' said defendant. But the mere form of words found in this part of the judgment is not controlling (*Dixon* v. *Sinclear*, 4 Vt. 354 [24 Am. Dec. 610]), since, upon a reading of the entire decree, it is apparent that the court had no thought of deciding the question now in dispute. (See *Smith* v. *Auld, supra.*) In effect, the former judgment amounted to a dismissal as to the McCormick-Saeltzer Company."

In the more recent case of *Heine Piano Co.* v. *Bloomer*, 183 Cal. 398, 404 [191 Pac. 900, 903], this court again said: "In *Oakland* v. *Oakland Water Front Co.*, 118 Cal. 160 [50 Pac. 277], it was held that where a suit was dismissed for want of jurisdiction or was disposed of on any

ground not going to the merits of the action, the judgment rendered was not a bar to another suit. This rule finds support in 7 Encyclopedia of Evidence, 811; 'If it appears that a suit has been dismissed for want of jurisdiction, the judgment of dismissal will be no bar to another action brought in a court having jurisdiction of the subject matter.' (See, also, *Reynolds* v. *Lincoln,* 71 Cal. 183 [9 Pac. 176, 12 Pac. 449]; 23 Cyc. 1150; *Laguna Drainage District* v. *Charles Martin Co.,* 5 Cal. App. 166, 172 [89 Pac. 933]; *Shively* v. *Eureka Tellurium etc. Co.,* 5 Cal. App. 236, 243 [89 Pac. 1073].) As already shown, the order of April 3d stated that the plaintiff's motion to vacate the satisfaction of judgment was denied by reason of want of jurisdiction. Inasmuch as this order—and not the order of April 5th—represented the court's ruling on the motion to vacate, we think it clear that the question whether the plaintiff is entitled to have the satisfaction of judgment in action 76,831 vacated is not *res judicata.*"

From these authorities it would appear that the order of August 12, 1924, dismissing applicant's petition upon the ground that the Commission had no jurisdiction, was not a bar to the proceeding instituted by applicant on January 6, 1925. The Commission, therefore, was authorized to hear said petition upon its merits. By this petition applicant sought an award for permanent disability. In effect he claimed in this petition that he was then suffering from a permanent disability as a result of the injury received by him on June 27, 1922. The only final order made by the Commission relative to his right to receive compensation for this injury was the order of April 14, 1923, awarding him compensation for temporary injury to continue until terminated. We have already seen that no legal order of the Commission had ever been made terminating this compensation. [5] Applicant was therefore authorized to show under his last petition any change in his condition subsequent to April 14, 1923, and if the evidence introduced upon the hearing of said petition showed that his disability from said injury had since said last-named date become permanent, he was entitled to an award accordingly. The Commission found from the evidence produced at said hearing that he was then suffering a permanent disability as a result of said injury and made the award which peti-

tioners seek to set aside by these proceedings. It is not seriously contended that the evidence before the Commission was not sufficient to support the findings upon which said award was based if the Commission was authorized to receive evidence of applicant's condition prior to the several orders which we have considered above. In other words, if the Commission was authorized to disregard the orders of June 20th and September 7, 1923, and August 12, 1924, and receive evidence, as it did, regarding applicant's condition at all times since the date of its order of April 14, 1923, then respondents, as we understand their position, do not seriously contend that such evidence was insufficient to sustain the findings and award of July 15, 1925. As we have already shown, the Commission was within its legal rights in disregarding these three orders. In our opinion the evidence, irrespective of any contention which might be made to the contrary, was sufficient to sustain said findings and award.

[6] In the course of these proceedings the respondents have contended that the petition of January 6, 1925, was not one for permanent disability, but was for back compensation on a partial disability basis claimed to be due applicant under a prior order of the Commission and for a surgical operation. It is true, that said petition asks for such compensation and for such an operation. It further sets forth that applicant is still disabled and unable to work and asks that the Commission enter its findings and awards "finding petitioner's rights based upon his present condition." The petition was filed over three years after the date of the receipt of the injury. It might be assumed that any disability from which the applicant was then suffering as a result of said injury was permanent or, at least, that applicant claimed it to be permanent. The petition of January 6, 1925, appears to have been considered by the Commission, at least, as one for permanent disability compensation. The hearing thereon was conducted with a view of ascertaining the condition of applicant at the date of the filing of said petition, the only purpose of which was to fix the compensation to which applicant was entitled, based upon the condition in which he might then be found. Under these circumstances we are not prepared to hold that the petition was insufficient as a petition for permanent disability.

For the reasons hereinbefore stated, the petition to review said amended findings and award of July 15, 1925, is denied and said award is hereby affirmed.

Langdon, J., Waste, C. J., Shenk, J., Richards, J., Seawell, J., and Preston, J., concurred.