[Civ. No. 11700.   First Dist., Div. One.   July 15, 1941.]

H. ALBERS et al., Appellants, v. VILLA MORET, INC. (a Corporation) et al., Respondents.

See 6A Cal. Jur. 1112, 1128.

McK. Dig. References: [1] Corporations, § 554; [2] Corporations, § 613; [3] Appeal and Error, § 1292.

James W. Harvey and Byron Coleman for Appellants.

Leo A. Cunningham for Respondents.

WARD, J.—This is an action brought by a group of stockholders on behalf of defendant corporation and "all other share holders" against the corporation and two of its directors, viz., F. L. Owens and Sally Simpson, for an accounting and for the removal of such persons as directors and officers of the corporation, upon the ground, based on information and belief, that those persons had used the assets and property of the corporation for their own advantage and benefit, to the damage of the corporation. The removal of officers or directors other than those named was not sought. The appeal is from a judgment in favor of defendant corporation and the directors sought to be removed.

Appellants, as plaintiffs, alleged in their complaint that certain annual reports of Villa Moret, Inc., did not conform to the provisions of section 358 of the Civil Code; that the failure of the board of directors of the corporation to hold meetings and keep records was a gross abuse of discretion on their part; that the purchase of certificates in two building and loan associations and an investment in a fruit distributing company were an abuse of authority as well as discretion; that the sale of certain stock to defendant Owens should be set aside, and the stock, with dividends received by him thereon, returned to the corporation treasury. It is also alleged that defendants Owens and Simpson were paid salaries in excess of reasonable amounts, and that such excess should be repaid the corporation. The allegations of the complaint are denied in the answer. The trial court signed findings of fact and conclusions of law denying the truth of the allegations of the complaint and affirming those of the answer. If upheld by the evidence, the findings appear to be a complete answer to appellants' contention that an accounting should be had, a receiver appointed and the two officers and directors removed.

The evidence in support of appellants' position is meager and this fact evidently is recognized by them. They contend that all of the above acts or omissions on the part of the two directors were unjustified, but that if "any one of these acts did not constitute gross abuse of authority or discretion, nevertheless when the entire course of conduct for the five years in which these defendants exercised their authority is viewed cumulatively, the answer seems conclusive." The difficulty with appellants' position is that while some of the acts of the directors resulted in unwise investment, particularly as viewed in retrospect, they do not necessarily—depending upon the facts—constitute gross abuse of discretion.

The corporation was organized in 1923, primarily to engage in the business of producing, developing and selling sheet music. Its articles of incorporation, however, bestowed broad general powers, including that to acquire real property, erect buildings, deal in stocks and bonds, borrow and loan money, etc. Accordingly, the purchase of building and loan certificates, the erection of buildings and the investment in the fruit distributing company may be dismissed without further consideration unless in connection therewith there is proof of gross abuse of authority or discretion sufficient at least to approach negligence or fraud. The evidence herein may not be so characterized. Consideration should, however, be given to the transfer of the company stock to defendant Owens. This phase of the case is important, and upon it is based primarily the effort to remove the two directors, to which the question of accounting is subordinate. If the transaction was fraudulent, not only would a suit in accounting be proper, but the provisions of sec. 310 of the Civil Code would govern in the removal of a director engaging in a transaction to his private interest in violation of his duty to stockholders. (*Lawrence* v. *I. N. Parlier Estate Co.*, 15 Cal. (2d) 220 [100 Pac. (2d) 765]; *Schwab* v. *Schwab-Wilson Machine Corp.*, 13 Cal. App. (2d) 1 [55 Pac. (2d) 1268]; *Angelus Securities Corporation* v. *Ball*, 20 Cal. App. (2d) 423 [67 Pac. (2d) 152]; *Angelus Securities Corporation* v. *Ball*, 20 Cal. App. (2d) 436 [67 Pac. (2d) 158]; Civil Code, sec. 311.) The facts with relation to this matter are as follows: Certain shares of stock of Villa Moret, Inc., were sold to defendant Owens, pursuant to a resolution of the board of directors, at fifty cents a share, payment to be made in installments. Six weeks later the corporation voted a dividend of one dollar a share. Whether

in the financial condition of the corporation this dividend should have been declared, is a matter of opinion. Appellants contend that not only the dividend but the stock should be returned to the corporation. No effort is made to force the other stockholders to return such dividend. The attack is leveled at Owens. If there is any merit in the claim that he should be compelled to return the dividend, then all of the stockholders should do likewise, unless it appears that, in causing the sale of the stock to himself, Owens took advantage of the company. In this respect the record shows that the stock was transferred in consideration of extraordinary services by him covering a period of over three years, in reducing expenses of the company and making a substantial reduction in its deficit, for further services to be rendered, and for an additional consideration of fifty cents a share. Our attention has not been called to any evidence indicating untruthfulness in the statement as to performance of extraordinary services by Owens. In passing, it may not be inappropriate to mention that in 1930, the year preceding that of the sale of the stock to Owens, the profit of the company as the result of its copyright on a song hit was $112,577.15. While this is the only year in which a profit in excess of $9,000 is shown, we are not prepared to say that Owens was wholly responsible for such unusual profit. The record also shows that three directors were present at the meeting, and that defendant Owens "as a party in interest" did not vote. The market value of the stock is not shown, but, following the payment of the dividend in question, shares were sold at between thirty-five and seventy cents. The record does not show that defendant Sally Simpson participated in the sale of this stock other than as a director voting in favor of the resolution of sale to Owens.

The complaint in this action was filed on January 20, 1936, and alleges: "Defendants F. L. Owens and Sally Simpson now are and at all times herein mentioned were the managing agents and executive officers of defendant corporation." If this allegation is true, and the record seems to bear it out, then a reversal of the judgment refusing to remove the two directors might tend to throw the affairs of the corporation into confusion. Therefore we have approached the subject of their removal with a degree of caution. An examination of the record, however, substantiates the finding of the trial court: "That it is not true that said defendants are in com-

plete control of said defendant corporation. That it is true that they are directors of said corporation. That it is not true that any of the acts or things done by the said defendants constitute a gross abuse of authority or any abuse of authority or discretion by them with reference to the said defendant corporation or to said plaintiffs or other stockholders. . . . That there is no evidence sufficiently substantial or convincing to show that said defendants have been guilty of misconduct or neglect or interference or destruction of the said corporation or its assets or the interests of the said stockholders."

■ Appellants contend that the two directors, Owens and Simpson, as president (Owens was elected president in 1932) and secretary respectively donated a part of their time to the interests of another corporation; that for some time past the work for the song publishing business practically ceased, and that the only present duties of the president and secretary consist of publishing sheet music, forwarding it to New York and collecting royalties thereon. It appears that after the institution of the present action the president and secretary decreased their salaries thirty-five and twenty-five dollars a week respectively. Appellants cite authorities in which it has been held that directors may be required to disgorge excessive salaries which they received as officers or directors where the sums are so large as to amount to a spoliation or waste of the company's funds. (*Rogers* v. *Hill,* 289 U. S. 582 [53 Sup. Ct. 731, 77 L. Ed. 1385].) The difficulty on appeal is that there is a failure of proof as to what would have constituted reasonable salaries prior to the voluntary reductions by defendants. The court found that the salaries paid were not excessive and there is evidence to support this finding. The secretary generally put in eight hours a day, and the president devoted much of his time to the business, it being necessary to examine and pass upon from fifty to ninety manuscripts each month in addition to other work.

■ The findings separately attacked are that the annual balance or profit and loss statement substantially complied with Civil Code, sec. 358; that there was no intentional or wilful refusal to hold annual meetings of stockholders or directors' meetings, or to keep a full statement in writing of the proceedings of such meetings; that the defendants used their best endeavors to carry out the purposes of the corporation, and that they are not in complete control thereof. The attack, however, is primarily based upon inferences that appel-

lants claim may be drawn from the evidence. Suffice to say that reasonable inferences may be drawn the other way, and that it would unduly lengthen this opinion to designate precisely the evidence supporting the trial court's findings. The salient features of this appeal as well as the numerous unimportant contentions have been examined and considered. The evidence in each instance supports the findings of the trial court.

The judgment is affirmed.

Peters, P. J., and Knight, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 11, 1941.